J. S36041/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARNELL STUBBS, | : | No. 3764 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 19, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004871-2013

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 27, 2017**

Darnell Stubbs appeals from the judgment of sentence of November 19, 2015, following his conviction of sexual offenses.  We affirm.

The trial court has aptly summarized the history of this case as follows:

> The complainant ("F.C.") gave a statement to police officers on February 23, 2013, indicating sometime between February 10, 2013, and February 14, 2013, at 3 a.m., she encountered a black male, five foot nine inches or taller, in his thirties, with nappy hair, carrying a Save-A-Lot bag. Notes of Testimony ("N.T.") April 7, 2015, at p. 4. The encounter took place at or near 3500 Kensington Avenue in the City and County of Philadelphia. ***Id.*** F.C. told the police that she had seen the individual approximately five times before. ***Id.*** She later identified him as [appellant]. ***Id.*** F.C. reported that she and [appellant] agreed to go to a house at 1901 E. Venango Street where she would provide him with sexual services in exchange for money. ***Id.***

When they arrived at the house, there was an altercation where [appellant] pushed her to the floor. ***Id.*** [Appellant] pulled his pants down and [anally] penetrated her with his penis. N.T. March 31, 2015, at p. 6. After the assault, [appellant] told her to "get the fuck out of the house" and she left the residence. ***Id.*** at 6-7.

Trial court opinion, 8/19/16 at 2-3.

On April 10, 2015, a jury found [appellant] guilty of involuntary deviate sexual intercourse by forcible compulsion ("IDSI"),[Footnote 1] unlawful restraint,[Footnote 2] sexual assault,[Footnote 3] and simple assault.[Footnote 4] The court deferred sentencing for a pre-sentence investigation and an assessment by the Sexual Offenders Assessment Board ("SOAB") pursuant to 42 Pa.C.S.[A.] § 9799.24 to determine if [appellant] meets the criteria of a Sexually Violent Predator ("SVP"). Following an SVP hearing, on November 19, 2015, the court concluded that the Commonwealth proved by clear and convincing evidence that [appellant] meets the criteria for a sexual [sic] violent predator. On that same date, [appellant] was sentenced to an aggregate sentence of five to twelve years of incarceration followed by seven years of sex offender probation.[Footnote 5] On December 1[5], 2015, [appellant] filed a timely Notice of Appeal.

[Footnote 1] 18 [Pa.C.S.A.] § 3123(a)(1)[.]

[Footnote 2] 18 [Pa.C.S.A.] § 2902(a)(1)[.]

[Footnote 3] 18 [Pa.C.S.A.] § 3124.1[.]

[Footnote 4] 18 [Pa.C.S.A.] § 2701(a)[.]

[Footnote 5] [Appellant] was sentenced to five to twelve years of incarceration followed by seven years of sex offender probation on the IDSI charge. For sentencing purposes the sexual assault charge merged with the IDSI charge.

> [Appellant] was sentenced to five years of probation on the unlawful restraint charge and two years of probation on the simple assault charge. All probation sentences to run concurrently.

Trial court opinion, 8/19/16 at 1-2.

No post-sentence motions were filed; however, on December 15, 2015, appellant filed a timely notice of appeal. On December 17, 2015, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). On January 7, 2016, appellant filed a Rule 1925(b) statement, alleging that the evidence was insufficient to prove that he met the statutory definition of a sexually violent predator. (Docket #6.) Appellant also requested permission to file a supplemental statement after receiving all the notes of testimony. (*Id.*) On January 12, 2016, the trial court entered an order granting appellant permission to file a supplemental Rule 1925(b) statement within 7 days of receiving all of the notes of testimony. (Docket #8.) Appellant filed a supplemental concise statement on March 30, 2016, and on August 19, 2016, the trial court filed a Rule 1925(a) opinion. (Docket #9, 10.) On January 5, 2017, this court dismissed the appeal for failure to file a brief. On January 6, 2017, appellant filed a motion to reinstate the appeal, which was granted on January 23, 2017.

Appellant has raised the following issue for this court's review: "Did not the Commonwealth fail to prove by clear and convincing evidence that

the appellant met the statutory definition of 'sexually violent predator' where the doctor relied on erroneous and incomplete information?" (Appellant's brief at 3.)[1]

Appellant argues that Barry Zakireh, Ph.D., the SOAB expert, relied on inaccurate and incomplete information to support his conclusion that appellant suffers from anti-social personality disorder and is likely to reoffend. Appellant complains that Dr. Zakireh relied, in part, on appellant's prior arrest and adjudication for simple assault and indecent assault at age 12, but did not review any materials related to that case. (Appellant's brief at 15.) In his SOAB report, Dr. Zakireh noted that appellant was arrested on November 3, 1999 and charged with various offenses including rape and IDSI. (Appellant's brief, Exhibit C, Sexually Violent Predator Assessment, 7/7/15 at 3, 5.) The complainants were two infant females, not older than one year. (*Id.*) However, there was limited information relating to the specific offenses, including the context, duration, or appellant's relationship to the victims. (*Id.*)[2]

Dr. Zakireh also noted that appellant was committed to multiple residential programs for adolescent sexual offenders after his adjudication at

---

[1] A second issue raised in appellant's concise statement and addressed by the trial court in its Rule 1925(a) opinion, whether the trial court erred in denying appellant's motion to suppress identification, has been abandoned on appeal.

[2] The parties stipulated to the contents of Dr. Zakireh's report, and he was not called to testify at the SVP hearing. (Trial court opinion, 8/19/16 at 7.)

age 12, including programs in Virginia, Utah, and Massachusetts. (Sexually Violent Predator Assessment, 7/7/15 at 5.) Dr. Zakireh concluded that appellant has likely struggled to make progress or satisfactorily complete the programs. (*Id.* at 6.) Appellant argues that this was conjecture on Dr. Zakireh's part and that Dr. Zakireh did not review any records from appellant's juvenile residential placements. (Appellant's brief at 15.) In addition, appellant contends that Dr. Zakireh's diagnosis of anti-social personality disorder was made without the benefit of adequate information about appellant's background, education, family life, employment history, etc. (*Id.* at 17.)

In appellant's Rule 1925(b) statement, appellant alleged that, "The evidence was insufficient as a matter of law to establish by clear and convincing evidence that appellant met the statutory definition of a "'sexually violent predator' pursuant to Megan's Law, 42 Pa.C.S. § 9791 et seq. where the doctor relied on erroneous information." (Appellant's brief, Exhibit B; supplemental Rule 1925(b) statement, 3/30/16 at 2.) Appellant did not specify what allegedly erroneous information Dr. Zakireh relied upon to support his findings. The trial court concluded that appellant's Rule 1925(b) statement was vague and resulted in waiver of this issue. (Trial court opinion, 8/19/16 at 4.) We agree. Rule 1925(b) provides: "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for

the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii).

> It has been held that when the trial court directs an appellant to file a concise statement of matters complained of on appeal, any issues that are not raised in such a statement will be waived for appellate review. ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa.Super. 2001), citing ***Commonwealth v. Lord***, 553 Pa. 415, 418, 719 A.2d 306, 308 (1998). Similarly, when issues are too vague for the trial court to identify and address, that is the functional equivalent of no concise statement at all. ***Id.*** Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. ***Commonwealth v. Lemon***, 804 A.2d 34, 37 (Pa.Super. 2002). Thus, Rule 1925 is a crucial component of the appellate process. ***Id.*** "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." ***Id.***, citing ***Dowling***, ***supra***.

***Commonwealth v. Smith***, 955 A.2d 391, 393 (Pa.Super. 2008) (***en banc***).

***See also In re A.B.***, 63 A.3d 345, 350 (Pa.Super. 2013) ("This Court has considered the question of what constitutes a sufficient 1925(b) statement on many occasions, and it is well-established that Appellant's concise statement must properly specify the error to be addressed on appeal." (quotation marks and citation omitted)).

As appellant's Rule 1925(b) statement was overly broad and vague and failed to specify what allegedly erroneous information Dr. Zakireh improperly relied upon, the issue is waived on appeal.[3]

Judgment of sentence affirmed.


Panella, J. joins this Memorandum.

Olson, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017

---

[3] Moreover, a careful review of Dr. Zakireh's report and the trial court's opinion supports the finding that appellant met the statutory criteria for classification as an SVP. (Trial court opinion, 8/19/16 at 5-9.)