J-S75012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK  NORTON | : | |
| | : | |
| Appellant | : | No. 1492 EDA 2018 |

Appeal from the PCRA Order April 12, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0000754-2015

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **FILED JUNE 26, 2019**

Mark Norton appeals *pro se* from the order entered in the Bucks County Court of Common Pleas dismissing his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. As Norton has failed to preserve any issues for our review, we affirm.

On June 11, 2015, following a jury trial, Norton was convicted of retail theft, criminal conspiracy, and possessing instruments of crime. The court sentenced Norton to an aggregate term of fifteen to sixty months' imprisonment. This Court affirmed Norton's judgment of sentence. Norton did not seek further review with the Pennsylvania Supreme Court.

On June 1, 2017, Norton timely filed the instant PCRA petition. The court appointed counsel who filed an amended petition on August 4, 2017, expanding upon the ineffectiveness claims raised in Norton's *pro se* filing. The PCRA court held an evidentiary hearing on Norton's petition on November 29,

2017. Following the hearing, Norton's court-appointed counsel filed a motion to withdraw and a **Turner**/**Finley**[1] letter. Ultimately, the PCRA court dismissed Norton's petition and permitted PCRA counsel to withdraw. Norton filed a timely *pro se* notice of appeal[2] and complied with the PCRA court's Rule 1925(b) order.

Through his Rule 1925(b) statement of errors complained of on appeal,[3] Norton asserted there was insufficient evidence supporting his convictions and that the trial court imposed fines and a sentence disproportionate to his convictions. **See** Appellant's Rule 1925(b) Statement, 6/13/18, at ¶¶ 2-4. Further, Norton generally alleged "ineffective assistance of counsel(s)" and prejudice due to the Commonwealth "testify[ing] falsely." **Id**., at ¶¶ 1, 5.

However, on appeal, Norton asks this Court to consider the following issues:

1. Was [t]rial [c]ounsel ineffective by failing to secure cell phone records in order to introduce them at trial?

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] While the notice of appeal Norton filed on April 27, 2018 was technically defective, Norton corrected these defects by filing a compliant notice of appeal on May 11, 2018.

[3] Norton filed two Rule 1925(b) concise statements; one before the PCRA court ordered the filing of a concise statement on June 7, 2018 and one following the PCRA court's order on June 13, 2018. As the June 13th statement contains all of the issues set forth in the June 7th statement, we will cite only to the June 13th statement.

2. Did [t]rial [c]ounsel fail to investigate the (Sales Clerk) witness whom [] Norton was speaking with, in order to support his non-participation in this criminal activity?

3. Was [t]rial [c]ounsel ineffective by not objecting to assert [] Norton's Fifth Amendment right to counsel and his corresponding State Constitutional right to counsel were violated when the prosecution presented it [sic] self as its own witness who testified falsely?

Appellant's Brief, at 5 (unpaginated).[4]

Prior to addressing the merits of Norton's claims on appeal, we must determine which issues, if any, are preserved for our review. It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. *See Commonwealth v. Dowling*, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a

---

[4] Norton makes a series of other arguments in his brief and reply brief. However, he has waived these arguments by failing to include them in his statement of questions involved on appeal. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all").

Instantly, Norton argues that trial counsel was ineffective for failing to subpoena his cell phone records, interview a witness, and object to the Commonwealth's "testimony." **See** Appellant's Brief, at 5 ¶¶ 1-3 (unpaginated). However, in his Rule 1925(b) statement, Norton only challenges the "ineffectiveness of counsel." Appellant's Rule 1925(b) Statement, 6/13/18, at ¶ 5. Because Norton failed to raise these specific aspects of his ineffectiveness argument in his Rule 1925(b) statement, the trial court was unable to identify and address these issues in its Rule 1925(a) statement.[5] Therefore, Norton has waived all of his claims on appeal by failing to include specific allegations of ineffectiveness his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(ii).

Order Affirmed.

_____

[5] While the PCRA court's 1925(a) opinion did address a claim later raised in Norton's appellate brief, *i.e.*, that trial counsel's failure to object to the phrase "CB radios" in the Commonwealth's closing argument constituted ineffective assistance, this does not preserve Norton's issue for review. **See Commonwealth v. Lemon**, 804 A.2d 34, 38 (Pa. Super. 2002) (holding "that when an appellant fails to identify in a vague Pa.R.A.P. 1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in its Pa.R.A.P. 1925(a) opinion"). It was Norton's duty, not the PCRA court's, to frame the issues he wanted addressed on appeal. **See id**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/26/19</u>