COMMONWEALTH of Pennsylvania, Appellee,

v.

Leonard LEMON, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 14, 2002.
Filed July 17, 2002.

Frank C. Arcuri, York, for appellant.

Sean Quinlan, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE: STEVENS, HESTER, and CAVANAUGH, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of York County following Appellant's conviction on the charges of Corruption of Minors,[1] Sexual Abuse of

---

1. 18 Pa.C.S.A. § 6301.

Children,[2] Indecent Assault,[3] Obscene and Other Sexual Materials,[4] and Criminal Solicitation to Commit Obscene and Other Sexual Materials.[5] Appellant contends that the evidence was insufficient to support Appellant's convictions of Obscene and Other Sexual Materials under 18 Pa. C.S.A. § 5903(a)(3) and 18 Pa.C.S.A. § 5903(c), and that the trial court abused its discretion in sentencing Appellant. We affirm.

¶ 2 The pertinent facts and procedural history are as follows: In July 1999, N.T.S. and C.D.F., the victims, who were both under eighteen years old, fled from their residential placement at Mission Home Ministries. They met a former friend, A.C., who was accompanied by Appellant Leonard Lemon, and the victims entered Appellant's car. They proceeded to various intercity locations in York, where Appellant purchased marijuana and requested both victims to take off their clothing and pose for nude photographs. N.T.S. complied, and in the process, Appellant photographed her in sexually explicit positions and touched her breast and vaginal area. Appellant also showed a portfolio of photographs of other nude females to N.T.S. which he said he used in placing the girls into employment opportunities where they would "strip" and dance nude for money. As for C.D.F., she disrobed partially but then stopped and put on her clothes. Appellant was informed of both girls' respective ages and minority status prior to his actions.

¶ 3 Appellant was arrested and, following a three day jury trial which was concluded on January 10, 2001, was found guilty of Corruption of Minors, Indecent Assault, Sexual Abuse of Children, Ob-

scene and Other Sexual Materials, regarding victim N.T.S., and Corruption of Minors and Criminal Solicitation to Commit Obscene and Other Sexual Materials, regarding victim C.D.F. After a sentencing hearing, the trial court sentenced Appellant to 57 to 144 months imprisonment in a State Correctional Institution plus a consecutive 60 months probation in Case 4002 CA 1999, and 30 to 60 months in a State Correctional Institution plus a consecutive 60 months probation in Case 4003 CA 1999. Appellant's sentences in Cases 4002 CA 1999 and 4003 CA 1999 were to run consecutively, such that Appellant's aggregate sentence was 87 to 204 months incarceration in a State Correctional Institution plus a consecutive 120 months probation.

¶ 4 Appellant filed a motion for modification of sentence, which was denied. This timely appeal followed. On May 17, 2001, the trial court ordered Appellant to file a statement pursuant to Pa.R.A.P.1925(b), Appellant filed a statement on May 29, 2001, and the trial court filed an opinion.

¶ 5 In this appeal, Appellant first contends that the evidence was insufficient to support Appellant's conviction of Obscene and Other Sexual Materials under 18 Pa. C.S.A. § 5903(a)(3) and 18 Pa.C.S.A. § 5903(c). Before reviewing the issue on its merit, we must first determine whether this issue was preserved for appellate review under Pa.R.A.P.1925(b).

¶ 6 In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), the Pennsylvania Supreme Court held that issues not included in a Pa.R.A.P.1925(b) statement are deemed waived on appeal. The absence of a trial court opinion poses a substantial impediment to meaningful and

---

**2.** 18 Pa.C.S.A. § 6312.

**3.** 18 Pa.C.S.A. § 3126.

**4.** 18 Pa.C.S.A. § 5903.

**5.** 18 Pa.C.S.A. § 902 and 18 Pa.C.S.A. § 5903.

effective appellate review. Pa.R.A.P.1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. *Lord,* 553 Pa. at 417, 719 A.2d at 308. "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling,* 778 A.2d 683, 686 (Pa.Super.2001). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *In re Estate of Daubert,* 757 A.2d 962, 963 (Pa.Super.2000). "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Dowling,* 778 A.2d at 686. *See Commonwealth v. Seibert,* 799 A.2d 54, 2002 WL 89473, at *4, (Pa.Super.2002).

■ ¶ 7 In the case *sub judice,* Appellant's first issue is too vague to permit meaningful review. In his appellate brief, Appellant raises only one reason in support of his argument that the evidence is insufficient to support his convictions for Obscene and Other Sexual Materials under 18 Pa.C.S.A. § 5903(a)(3) and 18 Pa.C.S.A. § 5903(c). Specifically, he claims that the "knowing" elements of both 18 Pa.C.S.A. § 5903(a)(3) and 18 Pa.C.S.A. 5903(c) were never established by the Commonwealth. However, in his Pa.R.A.P.1925(b) statement, Appellant merely stated that "[t]he verdict of the jury was against the evidence," "[t]he verdict of the jury was against the weight of the evidence," and "[t]he verdict was against the law." Appellant was convicted of five crimes, each with a number of elements. However, Appellant's statement never mentioned which

conviction he is appealing and for what specific reasons, let alone mentioning the "knowing" element issue. This left the trial court to speculate as to the specific issues raised on appeal, and as a result, in its opinion in response to Appellant's 1925(b) statement, the trial court addressed all the convictions and summarily dismissed Appellant's sufficiency of the evidence claim, without discussing the specific "knowing" element issue.

¶ 8 In *Seibert, supra,* we found the appellant's weight of the evidence issue waived for having filed a vague 1925(b) statement, to wit, "[t]he verdict of the jury was against the weight of the credible evidence as to all of the charges." In this case, Appellant's statement was as vague as that in *Seibert,* if not more so. Accordingly, we find Appellant's sufficiency evidence issue to be waived.

¶ 9 Appellant next contends that the trial court abused its discretion in sentencing Appellant. We find all of Appellant's sentencing claims to be waived.

¶ 10 As an initial matter, we recognize that the sentence imposed by the trial court is within the statutory limits and that Appellant acknowledges that he is not challenging the legality of sentence, but only its discretionary aspects. We then infer from Appellant's confusing brief that he raises four specific reasons to support his claim that the trial court abused its discretion in sentencing him: (1) the trial court failed to consider that all of the charges stemmed from the same criminal episode; (2) the trial court should not have imposed consecutive sentences; (3) the trial court failed to consider certain mitigating circumstances, including Appellant's family, alternatives to total incarceration, and the victims' desire not to have Appellant imprisoned; and (4) the trial court failed to consider and give proper weight to a number of other circumstantial fac-

tors, including "neither victim was forced to engage in any of the alleged conduct," "Appellant discontinued his conduct when each of the victims indicted [sic] that they were unwilling to participate in his 'business'," and "the pre-sentence report, although recommending several consecutive sentences, only suggested an aggregate sentence of sixty-six (66) to one hundred and eighty (180) months incarceration."

¶ 11 Although Appellant raised several specific sentencing challenges in his appellate brief, Appellant made only a very general and vague statement in his 1925(b) statement, "[t]he trial judge erred in sentencing the Appellant to the term of imprisonment to which he was sentenced," without discussing the specific reasons Appellant raised in his brief. As a result, the trial court summarily dismissed Appellant's discretionary challenge, with only a brief discussion of the consecutive sentence issue. Therefore, under *Lord* and its progeny, Appellant's first, third, and fourth claims are certainly waived because Appellant did not raise them specifically in his 1925(b) statement and the trial court did not address them.[6] *Seibert, supra; Dowling, supra.*

¶ 12 Appellant's second sentencing issue addressed the consecutive sentence claim, and although the trial court addressed it briefly in its opinion, the issue is waived. Appellant failed to identify this precise issue specifically enough in his vague 1925(b) statement, and it is indeed the trial court who framed and raised the issue for Appellant.[7] We specifically conclude that when an appellant fails to identify in a vague Pa.R.A.P.1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in its Pa.R.A.P.1925(a) opinion.

¶ 13 A review of *Lord* and its progeny reveals that the appellate courts have held that an appellant must have an opportunity to frame his/her *own* issues which will guide the trial court's subsequent opinion. The trial court may not frame the issues for an appellant, either by guessing or anticipating. For instance, the appellate courts have emphasized that a trial court's unsolicited discussion of issues not raised by an appellant in his 1925(b) statement by guessing, anticipating, or predicting the issues would not save the issues from being waived. *See Commonwealth v. Alsop,* 799 A.2d 129 (Pa.Super.2002); *Commonwealth v. Steadley,* 748 A.2d 707 (Pa.Super.2000); *Commonwealth v. Butler,* 756 A.2d 55 (Pa.Super.2000), *appeal granted in part,* 564 Pa. 471, 769 A.2d 442 (2001). *Steadley* has summarized the underlying rationale of this principle:

> If we allow review of cases where a trial judge determined which issues an appellant could raise and how to frame those issues, that appellant would potentially lose a variety of protected constitutional rights. This procedure that appellant urges upon this Court would undermine the appellate process in that it severely limits the types and nuances of arguments that appellant may raise on appeal. Therefore, such a procedure prevents the meaningful appellate review sought in *Lord.*

---

6. Additionally, Appellant's first and third issues are also waived since Appellant failed to sufficiently develop the issues and cite relevant authority. *See* Pa.R.A.P. 2119; *Commonwealth v. Long,* 753 A.2d 272 (Pa.Super.2000); *Commonwealth v. Genovese,* 450 Pa.Super. 105, 675 A.2d 331 (Pa.Super.1996).

7. Again, alternatively, this issue would be waived because Appellant failed to sufficiently develop it and cite relevant authority.

*Steadley,* 748 A.2d at 709–710. This rationale has been endorsed in a number of other cases. *See Commonwealth v. Kimble,* 756 A.2d 78 (Pa.Super.2000); *Butler, supra.*

¶ 14 In the case *sub judice,* Appellant filed a Pa.R.A.P.1925(b) statement, which raised generally a sentencing issue. However, this statement was too general and vague to apprise the trial court of the precise issue to be raised. The only way for the trial court to have addressed the issue, therefore, was to essentially act as counsel for Appellant and try to anticipate, guess, or predict what Appellant wanted to appeal. Therefore, we find all of Appellant's sentencing claims to be waived.

¶ 15 Affirmed.

CAVANAUGH, J., concurs in the result.