J-S94008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS MANUEL VELAZQUEZ, JR. | |
| Appellant | No. 1387 MDA 2016 |

Appeal from the PCRA Order August 8, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004992-2011

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED JANUARY 23, 2017**

For the reasons that follow, we affirm the order of the Court of Common Pleas of Berks County, dismissing Luis Manuel Velazquez, Jr.'s petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").

By order dated August 8, 2016, the PCRA court dismissed Velazquez's serial petition as untimely filed.  Velazquez filed a timely *pro se* notice of appeal to this Court on August 31, 2016.  That same day, the PCRA court issued an order directing Velazquez to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and advising him that "[a]ny issue not properly included in the timely filed and served [s]tatement shall

_____

[*] Former Justice specially assigned to the Superior Court.

be deemed waived." PCRA Court Order, 8/31/16. Proof of service thereof upon Velazquez is included in the certified record and recorded in the docket. Velazquez did not file the required Rule 1925(b) statement.

Rule of Appellate Procedure 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. *Commonwealth v. Lemon*, 804 A.2d 34, 37 (Pa. Super. 2002). The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. *Id.* at 36-37. Thus, Rule 1925 is a crucial component of the appellate process and the Pennsylvania Supreme Court has held that issues not included in a Pa.R.A.P. 1925(b) statement are deemed waived on appeal. *Id.* As Velazquez failed to submit a Rule 1925(b) statement as ordered by the PCRA court, he has waived his appellate claims.[1] *See id.*

Order affirmed.[2]

_____

[1] Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. *Commonwealth v. Postie*, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015) (citation omitted).

[2] Even if Velazquez had not waived his issues on appeal, he would be entitled to no relief. Velazquez claims entitlement to relief under the U.S. Supreme Court's decision in *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013), as allegedly made retroactively applicable to his case on collateral review through *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). This claim is meritless. In *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016),
*(Footnote Continued Next Page)*

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/23/2017</u>

_(Footnote Continued)_ ───────────

our Supreme Court held that **Alleyne** does not apply retroactively to cases pending on collateral review.  Accordingly, Velazquez is entitled to no relief.