J-S68014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUSAN ZWEINER | : | |
| | : | |
| Appellant | : | No. 88 WDA 2018 |

Appeal from the Judgment of Sentence December 11, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000416-2017

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 11, 2019**

Appellant, Susan Zweiner, appeals from the December 11, 2017 judgment of sentence following her conviction at a bench trial of one count each of False Reports to Law Enforcement Authorities, 18 Pa.C.S. § 4906(b)(1), and Harassment, 18 Pa.C.S. § 2709(a)(3).  We affirm.

The trial court summarized the facts of the crime and procedural history as follows:

> The record reveals that the [instant] charges precipitated from [Appellant's] February 5, 2017 telephone call to 911 emergency services to report the odor of marijuana and hairspray emanating from her neighbor's residence, located [one-]half of a city block away.[1]  When an officer arrived on scene, he was unable to detect the presence of either substance.  The record is also clear that [Appellant] frequently lodges similar complaints against said neighbor, James Reavel, and that the two have a

---

[1]  Appellant testified that she smelled hairspray and marijuana "emanating from the woods."  N.T., 10/4/17, at 40, 42.

---

*   Former Justice specially assigned to the Superior Court.

long-standing, contentious history, which includes the filing and disposition of prior criminal charges against [Appellant].

Following trial, a pre-sentence investigative report prepared by the Cambria County Adult Probation Bureau revealed a standard sentencing guideline range of Restorative Sanctions to one month relative to the Fictitious Reports charge. On December 11, 2017, despite an argument by the Commonwealth for an incarceration sentence,[1] the [c]ourt imposed a probationary sentence of one year relative to the Fictitious Reports charge, and a consecutive probationary sentence of 90 days relative to the Harassment charge. Regarding both counts, [Appellant] was ordered to have no contact with Mr. Reavel, and was ordered to pay fines.

[1] The Commonwealth noted that [Appellant] was previously on probation for another incident with the same victim, and argued that [Appellant] does not understand the importance of leaving the victim alone. N.T. 12/11/17, p. 4.

Thereafter, with the assistance of appellate counsel, [Appellant] filed a timely appeal and "Concise Statement of the Matter Complained of on Appeal" ("Concise Statement"). In her Concise Statement, [Appellant] raises three issues for consideration,[2] which we will address *seriatim*.

Trial Court Opinion, 5/4/18, at 1–2.

_____

[2] In her appellate brief, Appellant has abandoned two of the three issues that she asserted in her Pa.R.A.P. 1925(b) statement. **Commonwealth v. Dunphy**, 20 A.3d 1215, 1218 (Pa. Super. 2011) (Issues raised in Pa.R.A.P. 1925(b) statement that are not included in appellate brief are abandoned). Issues are waived for failing to present any argument in support thereof. **See Commonwealth v. Woodard**, 129 A.3d 480, 509 (Pa. 2015) (holding that "where an appellate brief fails to ... develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate appellant's arguments for him.") (citing **Wirth v. Commonwealth**, 95 A.3d 822, 837 (Pa. 2014)).

Appellant raises the following single issue on appeal: "Whether the court erred in allowing evidence against [Appellant], as per Pa.R.E. 404(b)[3]?" Appellant's Brief at 4.

The trial court determined that the issue posed by Appellant in her Pa.R.A.P. 1925(b) statement, that "[t]he [c]ourt erred in allowing evidence against the Defendant, as per Pa.R.E. 404 (b)," "lack[ed] any indicia of specificity to enable effective review." Pa.R.A.P. 1925(b) Statement, 2/15/18, at 1; Trial Court Opinion, 5/4/18, at 5, respectively. The trial court futher explained:

> Specifically, Pennsylvania Rule of Evidence 404(b) addresses evidence of crimes, wrongs or other acts. Pa.R.E. 404(b). The record is replete with evidence as to numerous instances when [Appellant] contacted 911 to lodge reports against

---

[3] Pa.R.E. 404(b) provides as follows:

**(b) Crimes, Wrongs or Other Acts.**

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

(3) Notice in a Criminal Case. In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Mr. Reavel, some or all of which could have fallen under the confines of Rule 404(b). At trial, this information was elicited from both law enforcement and [Appellant]. For instance, Officer Chris Matcho testified that since 2014, the Upper Yoder Police Department received 17 calls from [Appellant] relative to Mr. Reavel, none of which were founded. N.T. 10/4/17 at p.p. 21-22. When the [Appellant] testified, she either did not deny or could not recall any of the particular police reports about which she was questioned. In fact, she admitted that she has been calling 911 since 2001 to report attacks and harassment by Mr. Reavel, and indicated that she "takes responsibility for her actions." N.T. 10/4/17 at p. 49.

Again, we believe that some, or all, of these phone calls fall within the purview of Rule 404(b). We also note that at trial, trial counsel lodged various objections, sounding in relevancy and hearsay, to testimony regarding some calls. Thus, we are unaware which objection, if any, appellate counsel is now attempting to pursue. In fact, appellate counsel may not even be referencing any of the 911 phone calls. After all, prior to trial, the Commonwealth filed a "Notice Pursuant to Pa.R.E. 404(b) [Other Crimes Evidence for Use in Providing Identity, Intent, Plan and Common Scheme]" which references [Appellant's] false report convictions in Texas, not Pennsylvania. Thus, we find this issue to be too ambiguous for effective review.

*Id*. at 5–6.

On appeal, Appellant wholly fails to respond to the trial court's finding of ambiguity and waiver. Appellant notes only that the Commonwealth elicited testimony that she made seventeen calls to police from 2014 to 2017. Appellant's Brief at 8. Because Appellant never identified these specific instances to the trial court, we agree with the trial court that the "issue" was ambiguous and the claim, waived. ***Commonwealth v. Lemon***, 804 A.2d 34, 37 (Pa. Super. 2002) (failure to concisely identify issue sought to be pursued on appeal impedes trial court in its preparation of opinion and results in waiver

of issue). Appellant's bald assertion in her Pa.R.A.P. 1925(b) statement is inadequate to preserve her claim for review.

Assuming, *arguendo*, that Appellant's claim was not waived for the reasons cited above, we would find it waived for failure to develop the claim in her brief. Appellant fails to provide any analysis regarding how the trial court's evidentiary rulings violated Pa.R.E. 404(b).[4] Appellant's Brief at 7–8. Moreover, she fails to demonstrate how the proffered evidence prejudiced her, where she admitted making the calls, and they were used to show a pattern of behavior in support of the harassment charge. N.T., 10/4/17, at 21, 48–51[5]. "While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel." **Commonwealth v. Freeman**, 128 A.3d 1231, 1249 (Pa. Super. 2015).

Judgment of sentence affirmed.

---

[4] While the Commonwealth filed "Notice Pursuant to Pa.R.E. 404(b)(4)" of its intent to introduce prior false reports by Appellant to law enforcement, Notice, 10/4/17, the record lacks any court order pursuant to Rule 404. Moreover, upon the Commonwealth's introduction at trial of prior calls by Appellant to police, Appellant did not object. N.T., 10/4/17, at 46–52.

[5] Appellant testified, *inter alia*, "I've been making complaints for quite sometime. I have pictures of people hiding in the woods in Halloween outfits. . . . I've been calling [police] since 2000, 2001." N.T., 10/4/17, at 50, 51.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/11/2019</u>