J-S09017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

BAYVIEW LOAN SERVICING, INC.    :    IN THE SUPERIOR COURT OF
            :         PENNSYLVANIA
            :
        v.             :
            :
            :
CAROL AND ROCCO BUCCI       :
            :
      Appellants       :    No. 2925 EDA 2018

Appeal from the Judgment Entered August 13, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2016-27225

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED MARCH 10, 2020**

Carol and Rocco Bucci ("the Buccis") appeal from the judgment *in rem* entered in the Court of Common Pleas of Montgomery County following the grant of summary judgment in favor of appellee Bayview Loan Servicing, Inc. ("Bayview").  Upon review, we affirm.

The trial court set forth the relevant factual and procedural history of this matter as follows:

> Carol Bucci signed a promissory note in the original principal amount of $265,000.00 and both [Buccis] executed a mortgage on January 22, 2007, securing property located at 1720 Hood Lane, Maple Glen, Montgomery County, Pennsylvania ("Property").  The note, endorsed by HSBC Mortgage Corporation, was later transferred to Countrywide Bank, N.A., endorsed by Countrywide Bank, N.A. to Countrywide Home Loans, Inc. and then further endorsed in blank by Countrywide Home Loans, Inc. and transferred to Bayview.  [] Carol Bucci executed a loan modification agreement on October 10, 2012.  [The Buccis]

---

[*] Retired Senior Judge assigned to the Superior Court.

defaulted on the mortgage when they failed to make the September 1, 2013 payment. The recorded assignments of the mortgage are a matter of public record with the Montgomery County Office of the Recorder of Deeds as follows:

> ASSIGNOR: Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation
> ASSIGNEE: Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP
> DATE OF ASSIGNMENT: December 5, 2012
> RECORDING DATE: December 7, 2012
> BOOK: 13471 PAGE: 1468
> INSTRUMENT NUMBER: 2012123307
>
> ASSIGNOR: Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP
> ASSIGNEE: Bayview Loan Servicing, LLC
> DATE OF ASSIGNMENT: August 11, 2015
> RECORDING DATE: August 14, 2015
> BOOK: 13995 PAGE: 2551
> INSTRUMENT NUMBER: 2015061186

Pursuant to the notice provisions of Act 91 and Act 6, Bayview sent the combined Notice of Intention to Foreclose Mortgage and Act 91 Notice to [the Buccis] on January 20, 2016. When [the Buccis] failed to cure the default, Bayview filed a complaint in mortgage foreclosure on November 14, 2016. [The Buccis] filed an answer to the complaint *pro se* on December 15, 2016, consisting of limited admissions and general denials. Without permission of Bayview or leave of court, [the Buccis] filed an "Amended Answer to Complaint in Mortgage Foreclosure" on December 27, 2016, in which they denied paragraphs one through nine of the complaint and asserted boilerplate defenses in response to paragraphs ten through fourteen of the fifteen paragraph complaint.

Bayview filed a [motion for summary judgment] on April 18, 2017. Bayview attached to its motion an Affidavit in support by Leticia Sanchez, a senior document coordinator for Bayview in which Ms. Sanchez states that Bayview has possession of the original note, a copy of which is attached to the motion. [The Buccis] filed an answer and motion to dismiss *pro se* on May 17, 2017. [The

Buccis] filed a request for admissions and a request for production on August 25, 2017.

[The Buccis] filed an amended motion to dismiss *pro se* on January 31, 2018. In their motion, [the Buccis] argued that they were entitled to dismissal of the complaint because Bayview did not properly verify the debt before resuming collection activity in violation of the Fair Debt Collection Practices Act.

. . .

Counsel for [the Buccis] entered an appearance on May 10, 2018. This court issued an order denying [the Buccis'] motion to dismiss and amended motion to dismiss on August 13, 2018. The court entered its order granting Bayview's motion for summary judgment by order docketed on August 14, 2018. [The Buccis] filed a notice of appeal on September 10, 2018. The undersigned did not receive a copy of the notice. Once the court discovered that [the Buccis] had filed a notice of appeal, by order docketed on January 16, 2019, the undersigned directed [them] to file a concise statement of errors complained of on appeal ("Statement") pursuant to Pa.R.A.P. 1925(b). Appellants filed their Statement on February 5, 2019.

Trial Court Opinion, 10/29/19, at 1-5 (footnote and citations to the record omitted).

Prior to addressing the issues raised by the Buccis in their statement of the questions involved, we must address whether they have preserved any issues on appeal.

Rule 1925(b) provides that an appellant's concise statement of errors complained of on appeal "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Rule 1925(b) exists primarily to require the appellant to identify with certainty each of the issues to be addressed on appeal. *Commonwealth v. Lemon*, 804 A.2d 34, 37 (Pa. Super. 2002).

- 3 -

"An appellant must have an opportunity to frame his/her own issues which will guide the trial court's subsequent opinion." *Id.* at 38. It is not up to the trial court to frame the issues for an appellant, either by "guessing or anticipating." *Id.* "When an appellant fails to identify in a vague Pa.R.A.P. 1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in its Pa.R.A.P. 1925(a) opinion." *Id.*

Here, the trial court correctly observed that the Buccis' Rule 1925(b) statement "contain[ed] four bald claims of court error[.]" Trial Court Opinion, 10/29/19, at 6. Specifically, the Buccis raised the following issues:

1. The court erred by not granting [the Buccis'] motions.

2. The court erred by granting plaintiff's motion.

3. The court erred by not permitting this case to go to trial.

4. The court committed an error of law in finding for the plaintiff despite [the Buccis'] sound arguments in fact and law.

Pa.R.A.P. 1925(b) Statement, 2/1/19.

The Buccis' Rule 1925(b) statement did not allege any specific errors on the part of the trial court. For example, it did not identify what the Buccis believed to be a genuine issue of material fact precluding the entry of summary judgment, or even aver that a genuine issue of material fact existed. It failed even to identify with specificity the "motions" the Buccis believed to be incorrectly decided. Taken together, the Buccis' four claims amount to nothing more than a bald assertion that the court should not have granted

summary judgment in favor of Bayside. Such vague assertions of error make it nearly impossible for a trial court to discern what issues to address in its Rule 1925(a) opinion.

Nevertheless, in response to the Buccis' concise statement, the trial court authored a thorough opinion defending its grant of summary judgment. However, because of the vagueness of the Buccis' Rule 1925(b) statement, the court was unable address a key component of the argument raised by the Buccis in their appellate brief—a claim that Bayside failed to respond to discovery and "completely ignored" requests for admissions. **See** Brief of Appellants, at 4, 11. "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001). As the trial court was left to speculate as to the specific nature of the Buccis' assignments of error, it was prevented from fully addressing the Buccis' appellate claims, particularly the discovery issue raised for the first time in their brief.[1] Accordingly, our ability to perform meaningful appellate review is substantially hampered and we are constrained to conclude that the Buccis have waived their claims on appeal. **See id.**; **Lemon**, **supra**.

Judgment affirmed.

---

[1] This is particularly so in this instance because matters of discovery are left to the sound discretion of the trial court and the trial court was unable to prepare a legal analysis pertinent to that issue.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/20