J-A19008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN CARSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GRAND VIEW HOSPITAL, GRAND | : | No. 2050 EDA 2020 |
| VIEW HEALTH, H&A PROPERTIES, | : | |
| LP., MRA REALITY, INC., AND | : | |
| INTERSTATE BUILDING | : | |
| MAINTENANCE CORPORATION | : | |

Appeal from the Order Entered September 11, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2018-07019

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

JUDGMENT ORDER BY DUBOW, J.:          **FILED SEPTEMBER 22, 2021**

Appellant, John Carson, appeals from the trial court's September 11, 2020 Order granting summary judgment in favor of Appellee Grand View Hospital, d/b/a Grand View Health ("Grand View").  Upon review, we conclude that Appellant has waived all issues on appeal.  As a result, we affirm the Order of the trial court.

On April 22, 2016, Appellant suffered injuries from a fall on property owned by Grand View and managed by MRA Realty, Inc. ("MRA").  In response, he brought a negligence action against multiple defendants, including Appellee and MRA.  After the close of discovery, both Appellee and

_____

[*] Retired Senior Judge assigned to the Superior Court.

MRA separately filed Motions for Summary Judgment. On September 11, 2020, in two separate Orders, the trial court granted summary judgment in favor of Appellee and MRA. On October 9, 2020, Appellant filed appeals from each summary judgment Order, under separate docket numbers. [1]

On October 13, 2020, the trial court entered separate 1925(a) Orders directing Appellant to file Pa.R.A.P. 1925(b) Statements of Errors Complained of on Appeal. On November 2, 2020, Appellant separately filed his Rule 1925(b) Statements with the trial court. However, in what he concedes was his own "misstep," he "inadvertently" filed identical Rule 1925(b) Statements as to each order, complaining only of errors related to the trial court's grant of summary judgment in MRA's favor. Appellant's Br. at 25.

As a result, Appellant's 1925(b) Statement in the instant appeal fails to allege any errors in the Order from which he appeals: the Order granting Appellee's motion for summary judgment.

The Pennsylvania Rules of Appellate Procedure empower trial courts to order an appellant to file "in the trial court . . . a concise statement of the errors complained of on appeal." Pa. R.A.P. 1925(b). "Any issues not raised in a 1925(b) statement will be deemed waived." **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998); Pa.R.A.P. 1925(b)(4)(vii). This is a "bright line" rule, and waiver is "automatic." **Commonwealth v. Schofield**, 888

---

[1] Appellant's appeal as to MRA is docketed as **Carson v. Grand View, et. al.**, at 2051 EDA 2020.

A.2d 771, 774 (Pa. 2005). Appellate courts are not empowered to review claims not raised in a Rule 1925(b) Statement. ***Id.***

A Rule 1925(b) statement must "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). A concise statement that does not specifically identify the issue on appeal "is the functional equivalent of no [c]oncise [s]tatement at all." ***Commonwealth v. Lemon***, 804 A.2d 34, 37 (Pa. Super. 2002). When an appellant fails to identify a specific issue that he intends to raise on appeal, "the issue is waived, even if the trial court guesses correctly and addresses the issue in its . . . opinion." ***Id.*** at 38.

Here, the trial court held that, because Appellant's Rule 1925(b) Statement fails to "raise error with the [c]ourt having granted [Appellee]'s motion for summary judgment . . . the issue is waived." T.C.O. at 5. We agree. Appellant's 1925(b) Statement does not describe any errors in the order from which he appeals. As a result, there is no issue for us to review. By failing to articulate any error in the trial court's grant of summary judgment in favor of Appellee, Appellant waived all issues.[2]

Order affirmed.

---

[2] We note that even if Appellant had filed an appropriate Rule 1925(b) Statement and not waived his arguments, we would still find in favor of Appellee for the reasons set forth in this case's companion appeal, ***Carson v. Grand View, et. al.***, No. 2051 EDA 2020.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/22/2021*