J-S20011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHELLE MCELFRESH | : | |
| | : | |
| Appellant | : | No. 1474 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 8, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000075-2021

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.: **FILED: JULY 25, 2022**

Appellant Michelle McElfresh appeals *pro se* from the judgment of sentence imposed following her conviction for simple trespass. [1] Because we conclude that Appellant has failed to preserve any issues for appeal, we affirm.

The trial court summarized the facts underlying this matter as follows:

Shelley Clark, the victim of the trespass, is married to [Appellant's] nephew, Michael. Ever since Clark and Michael began dating, [Appellant] has been harassing Clark and her family, which harassment intensified after they married and had a daughter. On September 11, 2020, [Appellant] walked onto Clark's front yard and threw toolboxes, a wallet[,] and ripped-up photos of Michael as a child. [Appellant] then walked up to Clark's residence and looked through the front door window.

Both before and after the trespass, [Appellant] sent vulgar and threatening emails to Clark and/or her immediate family. Not all of the emails submitted by the Commonwealth were read into the record, but all were admitted into the record. In March of 2020,

_____

[1] 18 Pa.C.S. § 3503(b.1).

[Appellant] had been told by Ross Township police to stay away from Clark and her property. [Appellant] was not licensed or privileged to be on Clark's property on September 11, 2020.

Trial Ct. Op., 3/3/22, at 1-2 (citations omitted).

After the magisterial district court found Appellant guilty of simple trespass, Appellant filed a summary appeal to the Court of Common Pleas (trial court). Following a *de novo* hearing on December 8, 2021, the trial court found Appellant guilty of simple trespass. The trial court imposed a fine of $300.00 and court costs.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) opinion in which it stated:

[Appellant's] "Concise Statement of Errors" consists of five pages of rambling verbiage, in which she protests her innocence and offers her versions of the history of the family's disputes and the events of September 11, 2020. Reading [Appellant's] Statement in a light more favorable than it deserves to be read, she seems to argue that testimony about anything other than the events of September 11, 2020, should have been excluded. This argument, however, is waived because a proper objection was not made at trial. Thus, [Appellant] has preserved no appellate issues.

Trial Ct. Op. at 2-3.

On appeal, Appellant has filed a *pro se* brief in which she appears to argue that her summary appeal to the trial court constituted double jeopardy, the evidence was insufficient to support her conviction, and the victim's testimony was not credible.[2] ***See id.***

_____

[2] We note that Appellant's brief does not clearly state the claims she intends to raise on appeal. Although Appellant included a Pa.R.A.P. 2116 statement
*(Footnote Continued Next Page)*

Before addressing Appellant's claims, we must determine whether she has preserved any issues for appellate review.

It is well settled that "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (citation omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Further, this Court has explained:

[Rule 1925] is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all.

*Commonwealth v. Lemon*, 804 A.2d 34, 37 (Pa. Super. 2002) (citations omitted and formatting altered).

Additionally, we have stated that

---

of questions involved, the six-page section consists of rambling, disjointed statements and argument. *See* Appellant's Brief at 13-18. Further, Appellant does not cite to any legal precedent, nor does she discuss any relevant case law or statutory authority to support her claims. *See*, *e.g.*, *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1038 (Pa. Super. 2018) (stating that "*[p]ro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review" (citation omitted)).

although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted).

Following our review of the record, we agree with the trial court that Appellant has failed to preserve any issues for appellate review. To the extent Appellant intended to raise an evidentiary claim in her Rule 1925(b) statement, the record confirms that she did not preserve that issue at trial. **See** N.T. Trial, 12/8/21, at 6. Therefore, it is waived. **See** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Further, as noted by the trial court, Appellant's Rule 1925(b) statement did not clearly identify any other issues for review. Therefore, we agree with the trial court that Appellant has failed to preserve any additional claims for appeal. **See Lemon**, 804 A.2d at 37 (stating that "[w]hen the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review" (citation and quotation marks omitted)); **see also** Pa.R.A.P. 1925(b)(4)(i)-(ii).

In sum, we conclude that Appellant failed to preserve any claims for review. Accordingly, we affirm.

Judgment of sentence affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/25/2022