J-S20008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                             :               PENNSYLVANIA

                      :
            v.                   :
                      :

DIAJHMERE DORTCH              :
                      :

          Appellant        :      No. 862 WDA 2021

Appeal from the Judgment of Sentence Entered June 21, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000068-2020

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:            **FILED: AUGUST 2, 2022**

Appellant Diajhmere Dortch appeals from the judgment of sentence imposed after a jury found him guilty of two counts of persons not to possess a firearm.[1] Appellant challenges the sufficiency of the evidence and the discretionary aspects of his sentence. We affirm.

The facts underlying this matter are as follows. On November 15, 2019, Officer Nicholas Strouch was monitoring social media activity and gathering intelligence for the Erie Police Department. N.T. Trial, 4/7/21, at 22-23. At that time, Officer Strouch discovered two Snapchat[2] videos which had been recorded by Appellant and his brother, Destin Dortch (Destin). **See id.** at 23-25. The first video, posted to Destin's Snapchat account, depicted Appellant

---

[1] 18 Pa.C.S. § 6105(a)(1).

[2] Snapchat is a social media application that allows users to post videos and photos that are automatically deleted after a short period of time.

waving a black handgun, an AR-15 semi-automatic rifle loaded with a 30-round magazine, and holding "a bunch of hundreds and fifties." **See id.** at 25-26, 49-59. The second video, posted to Appellant's account, showed Appellant wearing a green camouflage jacket and a black Chicago Blackhawks hoodie while holding two weapons in his left hand: a 9mm Hi-Point black handgun[3] and the AR-15. **See id.** at 31, 42-43. During their subsequent surveillance, officers observed Appellant exit his residence wearing the clothes depicted in the second video. **See id.** at 33-34.

Detective Jason Russell prepared a search warrant for the residence,[4] which was executed on November 21, 2019. **See id.** at 38, 45, 74. During the search, Detective Sergeant Matthew Benacci recovered three firearms: an AR-15, a Glock 43 handgun, and a 9mm Hi-Point pistol. **See id.** at 47-69. The AR-15 and a loaded 30-round magazine were recovered from under the mattress in the bedroom shared by Appellant's grandmother and mother. **See id.** The Glock 43 handgun and a clear plastic bag containing six rounds of .22 caliber ammunition were hidden in a dresser drawer in Appellant's bedroom, beneath children's clothing. **See id.** at 57-58, 79-80, 83. Finally, the 9mm Hi-Point pistol was recovered from the closet in Destin's bedroom. **See id.** at 58-60.

---

[3] Neither of the handguns depicted in the Snapchat videos were the Glock later recovered at Appellant's residence. **See** N.T. Trial, 4/7/21, at 25-26, 31, 42-43.

[4] Appellant and Destin lived in the home along with several other family members. **See id.** at 48-51.

After the search, Detective Russell interviewed Appellant and Destin. *See id.* at 74. Appellant admitted that his fingerprints and DNA would be found on the Glock, which he had owned for approximately one month prior to the search. N.T. Trial, 4/8/21, at 38-39. Appellant denied any knowledge of the AR-15 rifle. *See id.* at 21. Following the interview, Appellant was arrested and charged with two counts of persons not to possess firearms with respect to the AR-15 rifle and the Glock 43 handgun.[5] N.T. Trial, 4/7/21, at 68.

Appellant's case proceeded to a two-day jury trial on April 7, 2021. At trial, Appellant stipulated that he was prohibited from possessing firearms. *See id.* at 21. The Commonwealth then presented testimony from Officer Strouch and Detectives Benacci and Russell, who described the course of their investigation and the evidence obtained from both the Snapchat videos and Appellant's home. N.T. Trial, 4/7/21, at 22-45, 47-98; N.T. Trial, 4/8/21, at 7-82.

Destin also testified on Appellant's behalf. Destin explained that he had pled guilty and received a sentence for the possession of a firearm with an altered serial number charge relating to the Hi-Point handgun. *See* N.T. Trial, 4/8/21, at 43, 46, 50. Destin claimed that he owned the AR-15, Glock, and Hi-Point, and that he was the one who hid the Glock in Appellant's bedroom

_____

[5] We note that Destin was charged with one count of possessing a firearm with an altered serial number with regard to the Hi-Point 9mm. 18 Pa.C.S. § 6110.2(a); *see also* N.T. Trial, 4/8/21, at 43, 46, 50.

drawer. *See id.* at 47-48, 51. Destin also admitted that the AR-15 was the same weapon Appellant brandished in the Snapchat videos. *Id.* at 49, 63, 66, 70-71, 78, 89. However, despite this admission, Destin claimed that he had never seen Appellant with a gun. *See id.* at 86.

On April 8, 2021, the jury convicted Appellant of both counts of persons not to possess firearms. On June 21, 2021, the trial court sentenced Appellant to consecutive terms of four to eight years of incarceration on each count, resulting in an aggregate sentence of eight to sixteen years.

Appellant subsequently filed a post-sentence motion in which he argued that he was entitled to leniency because he did not take the guns into the community and requested that the trial court impose his sentences concurrently. *See* Post-Sentence Mot., 6/29/21, at 1-2. That same day, the trial court denied Appellant's motion.

Appellant timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. Therein, Appellant challenged the sufficiency of the evidence and claimed that "his aggregate sentence . . . . [was] manifestly excessive and [the] trial court committed an abuse of discretion in sentencing [Appellant] to such a lengthy term in light of the discretionary factors presented." Pa.R.A.P. 1925(b) Statement, 9/23/21, at 2. The trial court issued a Rule 1925(a) opinion that addressed Appellant's sufficiency claims and concluded that Appellant waived his discretionary sentencing issue because his Rule 1925(b) statement was "not specific enough for the court to adequately address." *See* Trial Ct. Op. at 9, 11.

On appeal, Appellant raises the following issues for our review:

1. Whether the Commonwealth failed to present sufficient evidence to find [Appellant] guilty beyond a reasonable doubt of possession of a firearm prohibited?

2. Whether [Appellant's] sentence is manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the sentencing code?

Appellant's Brief at 3 (formatting altered).

## Sufficiency of the Evidence

In his first issue, Appellant contends that the evidence was insufficient to prove that he possessed the firearms in question.[6]  Appellant's Brief at 8-9.  In support, Appellant notes that Destin testified that he was the owner of the firearms and that Destin also admitted to hiding the weapons in various locations inside the home.  *See id.*  Appellant argues that aside from "a brief appearance in a 15 second Snapchat video where [Appellant] appears to be holding a weapon in his hand as a dance prop," there was no evidence to prove that Appellant had the intent to control the guns or employ them as weapons.  *See id.*  Accordingly, Appellant contends the evidence was insufficient to support his convictions.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

---

[6] We reiterate that Appellant stipulated at trial that he is a person not to possess firearms.  Therefore, he does not challenge the persons not to possess element of the crime on appeal.  *See* 18 Pa.C.S. § 6105(a)(1).

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted).

The Uniform Firearms Act provides, in relevant part, as follows:

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms.**

**(a) Offense defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

Possession can be established "by proving actual possession, constructive possession, or joint constructive possession." *Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted).

"Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." ***Commonwealth v. McClellan***, 178 A.3d 874, 878 (Pa. Super. 2018) (citation omitted).

> This Court has explained:
>
> Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

***Parrish***, 191 A.3d at 36-37 (citations omitted and formatting altered).

Additionally, "the power and intent to control the contraband does not need to be exclusive to the [defendant]. Our Supreme Court has recognized that 'constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access.'" ***Commonwealth v. Rojas-Rolon***, 256 A.3d 432, 438 (Pa. Super. 2021) (citation omitted). However, this Court has stated that "knowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and, thus, his constructive possession." ***Commonwealth v.***

***Wright***, 255 A.3d 542, 553 (Pa. Super. 2021) (citations omitted), *appeal denied*, 268 A.3d 374 (Pa. 2021).

Here, the trial court addressed Appellant's claim as follows:

The evidence at trial established each element of the crimes charged beyond a reasonable doubt. A review of the totality of the evidence, conducted in the light most favorable to the Commonwealth, leads to the reasonable inference that Appellant had the intent and ability to control the firearms. Collectively, the testimony and evidence produced by the Commonwealth, and the testimony of [Appellant's] brother, sufficiently established Appellant knowingly procured or received the Glock and AR-15 rifle or was aware of his control thereof for a sufficient period to have been able to terminate his possession.

The parties stipulated Appellant was a person not to possess the weapons.

The Snapchat videos established Appellant possessed [the] AR-15 rifle. There is no dispute Appellant is the person in Commonwealth Ex. 1, the Snapchat video which depicts Appellant [waving] a black handgun and the AR-15 semi-automatic rifle and holding cash. There is no dispute Appellant is the person in Commonwealth Ex. 2, the Snapchat video depicting Appellant holding in his left hand the AR-15 semi-automatic rifle. The rifle was discovered during the search of Appellant's residence, albeit under the mattress in a bedroom identified as the grandmother's/mother's bedroom. There was no dispute at trial that Appellant had access to and control of all areas of his residence.

[Appellant's] interview with the police and the officers' testimony about the search of the residence establish Appellant possessed the Glock 43 handgun. The Glock 43 handgun was recovered from a dresser drawer in Appellant's bedroom. That child's clothing was also found in the drawer is of no moment. Appellant admitted to Officer Russell he possessed the Glock for approximately one (1) month prior to the search. Appellant admitted his DNA and fingerprints would be found on the Glock 43 handgun.

It was established at trial both weapons were found at Appellant's residence during the search conducted by the police. There is no

- 8 -

doubt Appellant had actual possession, constructive possession, or joint constructive possession of the weapons.

Trial Ct. Op. at 9-10.

Based on our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find no error in the trial court's conclusions. **See Palmer**, 192 A.3d at 89. As noted by the trial court, Appellant had joint control over and equal access to the areas of the home from which the firearms were recovered. **See** N.T. Trial, 4/7/21, at 33-34, 48-60, 79-82. Further, the Commonwealth introduced video evidence establishing that Appellant physically handled the AR-15. **See id.** at 25-26, 41-42. Appellant also admitted to possessing the Glock for approximately one month prior to the search.[7] **See** N.T. Trial, 4/8/21, at 38-39. On this record, we conclude that not only was Appellant aware of the firearms in the residence, **see Rojas-Rolon**, 256 A.3d at 438, but he also had the power and intent to control them. **See Parrish**, 191 A.3d at 36-37. When viewed together, these factors are sufficient to establish that Appellant constructively possessed the firearms that were recovered from the residence. **See id.**; **McClellan**, 178 A.3d at 878.

Further, although Destin testified that he owned all three of the firearms recovered from the residence, we reiterate that the jury was free to "believe all, part, or none of the evidence." **Palmer**, 192 A.3d at 89 (citation omitted).

---

[7] Appellant also admitted that his DNA and fingerprints would be found on the Glock handgun. N.T. Trial, 4/8/21, at 11, 20, 38.

In any event, because the record establishes that Appellant had constructive possession of the firearms, Destin's testimony would not affect our conclusion. *See Rojas-Rolon*, 256 A.3d at 438 (reiterating that "constructive possession may be found in one or more actors").

For these reasons, we agree with the trial court that there was sufficient evidence to establish that Appellant constructively possessed the firearms recovered from the residence. *See Rojas-Rolon*, 256 A.3d at 438, *Parrish*, 191 A.3d at 36-37; *McClellan*, 178 A.3d at 878. Accordingly, Appellant is not entitled to relief.

### Abuse of Discretion in Sentencing Claim

In his remaining issue, Appellant contends that the trial court abused its discretion by sentencing him to "such a lengthy period of incarceration." Appellant's Brief at 10. In support, Appellant argues that the trial court could have achieved the objectives of the Sentencing Code without imposing consecutive sentences. *See id.* Appellant also appears to argue that the trial court ignored certain mitigating factors, including the fact that Appellant did not take the firearms into the community or threaten violence. *See id.*

Initially, it is well settled that

challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see*

- 10 -

Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered); *see also Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) (stating that "[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate" (citations omitted)).

"Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citations and quotations omitted); *see also Commonwealth v. Castillo*, 888 A.22d 775, 780 (Pa. 2005) (stating that "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived" (citation omitted)).

Finally, this Court has explained that

Pa.R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

*Commonwealth v. Lemon*, 804 A.2d 34, 37 (Pa. Super. 2002) (some citations omitted and formatting altered).

Here, Appellant filed a post-sentence motion in which he argued that he should be granted leniency because he did not take the guns into the community. *See* Post-Sentence Mot., 6/29/21, at 1-2. In his Rule 1925(b) statement, Appellant claimed that "his aggregate sentence . . . . [was] manifestly excessive and [the] trial court committed an abuse of discretion in sentencing [Appellant] to such a lengthy term in light of the discretionary factors presented." Pa.R.A.P. 1925(b) Statement, 9/23/21, at 2. However, in its Rule 1925(a) opinion, the trial court concluded that Appellant waived this issue by filing a vague Rule 1925(b) statement. *See* Trial Ct. Op. at 11. Specifically, the court explained that Appellant had "failed to identify what 'discretionary factors' warranted further leniency than that afforded by the [c]ourt in fashioning the sentences," did not specify an "aspect of either sentence which was arguably excessive," and did not "point to any factor overlooked or misapplied" by the trial court. *Id.*

Based on our review of the record, we agree with the trial court that the claim preserved in Appellant's Rule 1925(b) statement was "too vague to allow the [trial] court to identify the issues raised on appeal." *Lemon*, 804 A.2d at 37. Therefore, Appellant's sentencing claim is waived.[8] *See id.*; *Proctor*,

_____

[8] In any event, even if Appellant had properly preserved his claim, he would not be entitled to relief. In his Pa.R.A.P. 2119(f) statement, Appellant

156 A.3d at 273; ***Cartrette***, 83 A.3d at 1042; ***Cruz-Centeno***, 668 A.2d at 545.  For these reasons, Appellant is not entitled to relief.  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/2/2022

_____

acknowledges that his individual sentences are in the mitigated guideline range, but nevertheless claims that the court failed to consider all of the sentencing factors.  Appellant's Brief at 7-8.  However, the record reflects that the trial court had the benefit of a pre-sentence investigation (PSI) report prior to sentencing.  N.T. Trial, 4/8/21, at 139.  Therefore, because we presume that the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence, Appellant would not be entitled to relief on this claim.  ***See Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2016) (observing that where the sentencing court has the benefit of a PSI, we can assume the sentencing court was aware of the defendant's character and weighed those considerations along with mitigating statutory factors).