J-S16015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :   PENNSYLVANIA
                                      :

                 v.                  :

TY VAN DANG   :

            Appellant      :   No. 1667 EDA 2020

Appeal from the Judgment of Sentence Entered July 21, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005144-2019

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:         **FILED JULY 07, 2021**

Appellant, Ty Van Dang, appeals from the judgment of sentence of 11½ to 23 months' incarceration, imposed after a jury convicted him of simple assault, and the trial court convicted him of harassment.  On appeal, Appellant seeks to challenge the adequacy of the court's jury instruction on self-defense, as well as the weight and sufficiency of the evidence to sustain the jury's verdict.  Additionally, Appellant's counsel, Scott C. McIntosh, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

Briefly, Appellant was arrested and charged with aggravated assault, simple assault, possessing an instrument of crime (PIC), and harassment after he got into an altercation with several coworkers, during which he pulled a knife and threatened one male coworker, and then punched and kicked a female coworker, causing injuries to her face, neck, shoulder, and leg.[1]  At his jury trial, Appellant testified that the female coworker had attacked him first and he only retaliated in self-defense.  At the close of trial, the jury acquitted Appellant of aggravated assault and PIC, but convicted him of simple assault. He was subsequently convicted by the trial court of harassment.

On July 21, 2020, Appellant was sentenced to 11½ to 23 months' incarceration for simple assault, and to no further penalty for his harassment conviction.  He filed a timely post-sentence motion, which was denied on July 24, 2020.  Appellant then filed a timely notice of appeal.[2]  The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and he timely complied, raising the following five issues:

> 1. Whether [the trial c]ourt committed an error of law in delivering a charge to the jury on March 4, 2019, the second day of trial, beginning on page 72 and concluding on page 76, regarding the

---

[1] The trial court provided a detailed summary of the facts underlying Appellant's conviction, which we need not reiterate herein.  **See** Trial Court Opinion (TCO), 11/16/20, at 1-5.

[2] Appellant's notice of appeal incorrectly stated that he is appealing from the July 24, 2020 order denying his post-sentence motion.  "In a criminal action, [the] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions."  **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).  We have corrected the caption accordingly.

- 2 -

defense of "self[-]defense" which was inherently confusing, not grounded in the applicable law[,] nor appropriate considering the testimony offered in this case.

2. Whether [the trial c]ourt committed an error of law in not finding the verdict contrary to the evidence.

3. Whether [the trial c]ourt committed an error in not finding the verdict contrary to the law.

4. Whether [the trial c]ourt committed an error in not finding the verdict contrary to the evidence.

5. Whether [the trial c]ourt committed an error in not finding the evidence not sufficient to sustain a verdict of guilty.

Pa.R.A.P. 1925(b) Statement, 9/23/20, at 1-2 (unnumbered). The trial court filed its Rule 1925(a) opinion on November 16, 2020.

On March 22, 2021, Attorney McIntosh filed a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the above-stated issues and concluding they are frivolous, and that Appellant has no other, non-frivolous claims that he could pursue herein. Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

- 3 -

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney McIntosh's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and he supports his rationale with citations to the record and pertinent legal authority. Attorney McIntosh also states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief.

In regard to advising Appellant of the rights enumerated in *Nischan*, Attorney McIntosh initially failed to attach a letter to his petition to withdraw

- 4 -

informing Appellant of his right to retain counsel or proceed *pro se*. Accordingly, our Court issued a *per curiam* order directing Attorney McIntosh to provide us with a copy of that letter, and counsel timely complied. Thus, we are satisfied that Appellant has been notified of his rights, and counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

In Appellant's first issue, he argues that the trial court's jury instruction on self-defense "was inherently confusing, not grounded in the applicable law[,] nor appropriate considering the testimony offered in this case." **Anders** Brief at 19 (citation omitted). Initially, as the trial court observes, Appellant's counsel "reviewed the language set forth in this charge and had no objection." TCO at 7; **see** N.T. Trial, 3/4/20, at 82 (defense counsel's indicating he had no objections to the jury instructions).[3] Additionally, when, during deliberations, the jury requested "the legal description of self-defense" and asked, "when does it stop being self-defense[,]" Appellant's counsel lodged no objection to the court's "send[ing] back the instruction on use of non[-]deadly force in self-defense." N.T. Trial at 85. Because Appellant's counsel lodged no objection to the self-defense instructions at trial, any challenge to those instructions on appeal is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in

---

[3] We note that Attorney McIntosh was appointed during the pendency of this appeal; thus, he was not Appellant's trial counsel.

the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Moury**, 992 A.2d 162, 178 (Pa. Super. 2010) ("A specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver.") (internal citations omitted). Thus, we agree with Attorney McIntosh that Appellant's jury-instruction challenge would be frivolous to raise herein.[4]

We also conclude that Appellant's remaining four issues are waived based on his vague Rule 1925(b) statement. Rule 1925(b)(4)(ii) directs that an appellant's statement shall "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Further, a Rule 1925(b) statement "must be sufficiently specific so as to afford the trial court the ability to draft a meaningful opinion without resorting to speculation regarding what issues or arguments [the] appellant wishes to present." **Kern v. Kern**, 892 A.2d 1, 6 (Pa. Super. 2005) (citation omitted). "[A] concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all." **Id.** (quoting **Commonwealth v. Lemon**, 804 A.2d 34, 37 (Pa. Super. 2002)).

---

[4] Even if not waived, we would agree with Attorney McIntosh that Appellant's jury-instruction challenge is frivolous for the reasons set forth by the trial court in its opinion. **See** TCO at 7-8 (noting that "the charge given by the [c]ourt came directly from the Pennsylvania Suggested Standard Criminal Jury Instructions 9.501 – Use of Force/Deadly Force in Self-Defense[,]" and it "clearly, adequately and accurately presents the law pertaining to use of non-deadly force in self-defense").

Here, Appellant's final four issues in his Rule 1925(b) statement are repetitive, conclusory claims lacking any details about how the verdict was contrary to the law or evidence, or why the evidence was insufficient to sustain his conviction(s). Thus, we agree with Attorney McIntosh that these "vague and overlapping claims" would be frivolous to raise herein because they are waived. **Anders** Brief at 26.[5,6]

We have conducted an independent review of the record and discern no other, non-frivolous claims that Appellant could raise herein. Accordingly, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

President Judge Emeritus Stevens joins this memorandum.

Judge McLaughlin concurs in the result.

---

[5] Appellant's prior counsel drafted his Rule 1925(b) statement.

[6] Nevertheless, we would conclude that the evidence was sufficient to sustain the jury's verdict for the reasons set forth by the trial court. **See** TCO at 8-10 (concluding that Appellant's self-defense testimony was not credible, and that the victim's and other witnesses' testimony that Appellant put his hands around the victim's neck, repeatedly punched her in the face and forehead, and then threw her to the ground and kicked her, was sufficient to sustain his conviction for simple assault).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/7/2021*