J-S04001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIMOTHY YANKA AND POLLY W. NESSA, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEITHBRIDGE CO. D/B/A KURFISS-SOTHEBY'S INTERNATIONAL REALTY AND DELAWARE RIVER CLOSING SERVICES, INC. | : | No. 839 EDA 2021 |

Appeal from the Order Entered March 24, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2018-003406-0000

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED MARCH 22, 2022**

Appellants, Timothy Yanka and Polly W. Nessa, husband and wife, appeal from the trial court's March 24, 2021 orders denying summary judgment in their favor and granting summary judgment in favor of Appellees, Leithbridge Co. d/b/a Kurfiss-Sotheby's International Realty ("KSIR"), and Delaware River Closing Services, Inc ("DRCS").  We affirm.

### Background

The trial court summarized the background of this matter as follows:

**I. PROCEDURAL HISTORY**

On September 5, 2018, [Appellants] filed an Amended Complaint. On March 7, 2019, [KSIR] filed an Answer to [Appellants'] Amended Complaint and a Crossclaim against [DRCS].  On March 8, 2019, [DRCS] filed an Answer and New Matter to [Appellants']

---

[*] Former Justice specially assigned to the Superior Court.

Amended Complaint and a Crossclaim against [KSIR]. On September 23, 2019, [Appellants] filed an Answer to [DRCS's] New Matter. On January 22, 2019, the [c]ourt sustained [Appellees'] Preliminary Objections and dismissed Counts II through IV from [Appellants'] Amended Complaint.[1] Thus, [Appellants'] only surviving claim against [Appellees] was Count I – Negligent Failure to Safeguard Personal and Confidential Information.

On December 23, 2020, [KSIR] filed a Motion for Summary Judgment. On December 31, 2020, [DRCS] also filed a Motion for Summary Judgment. On February 2, 2021, [Appellants] filed a Response and their own Motion for Summary Judgment.

## II. FACTUAL BACKGROUND

In 2017, [Appellants] contracted [KSIR] to help find and purchase a residential property. Nancy Bousum…, an employee of [KSIR], served as [Appellants'] real estate agent. [Appellants] eventually found a residential property they wanted to purchase and scheduled a closing date. [KSIR] instructed [Appellants] that [DRCS] would provide intermediary services to properly close on the property.

The closing date was set forth for November 15, 2017[,] at [DRCS's] office. On November 8, 2017, [Appellants] received an email from a Dorle Friedman asking [Appellants] to electronically transfer $390,343.61 to an alleged [DRCS] trust account prior to the closing date. [Appellants], believing the email was sent by [DRCS] at the direction of [KSIR], transferred the funds into the account. At the closing, [Appellants] discovered the email was not sent by either [DRCS] or [KSIR]. [Appellants] would later discover the email soliciting the transfer of funds was sent by an unknown criminal actor purporting to be [DRCS]. The unknown criminal actor successfully induced [Appellants] to transfer $390,343.61 into the criminal actor's bank account. [Appellants] were able to recover close to $73,000.00 of the lost funds with the help of the Federal Bureau of Investigation ("FBI").

[Appellants] brought this negligence action against [KSIR] and [DRCS] alleging they failed to properly secure [Appellants']

_____

[1] Appellants raised claims against Appellees for negligent failure to warn in Count II, negligence (failure to investigate) in Count III, and unfair and deceptive trade practices in Count IV.

"confidential personal and transactional information[.]" The sole confidential personal information allegedly compromised was [Appellants'] email address. [Appellants] claimed [Appellees'] lack of cybersecurity caused [Appellants] to transfer the funds to the unknown criminal actor. As a result, [Appellants] sought damages totaling $317,362.50[,] based on their allegations of negligence.

Trial Court Opinion (TCO), 6/17/21, at 1-3 (footnotes and internal citations omitted).

On March 24, 2021, the trial court — in three separate orders — granted DRCS's motion for summary judgment, granted KSIR's motion for summary judgment, and denied Appellants' motion for summary judgment. The trial court's orders did not provide any rationale for its rulings. On April 23, 2021, Appellants filed a single, timely notice of appeal, purporting to appeal "from the orders granting and denying cross-motions for summary judgment entered in this matter on March 24, 2021." Notice of Appeal, 4/23/21, at 1 (unnumbered pages).

On May 4, 2021, the trial court entered the following order directing Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b):

[P]ursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Appellant[s are] **DIRECTED** to file of record a Concise Statement of Errors Complained of on Appeal within twenty-one (21) days from the filing date of this Order. Appellant[s] shall file such Statement of Errors Complained of on Appeal and shall concurrently serve the undersigned in person or by mail as provided in Pa.R.A.P. 121(a). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c). It is further ordered that Appellant[s] shall file a formal request for a transcript of all testimony and pay the cost thereof, pursuant to Pa.R.A.P. 1911.

> Any issue not properly included in the statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived.

Pa.R.A.P. 1925(b) Order, 5/4/21, at 1 (unnumbered pages; emphasis and capitalization in original).

According to the trial court, and as reflected on the trial court's docket, Appellants failed to file their concise statement in the trial court. TCO at 3. Notwithstanding, the trial court noted that Appellants mailed to its chambers a "broad" concise statement that "failed to specify the errors complained of on appeal…." *Id.* Further, our own review of the appellate court docket reveals that Appellants timely filed their concise statement with this Court — instead of with the trial court — on May 24, 2021.[2] The trial court issued a Rule 1925(a) opinion on June 17, 2021, in which it "generally address[ed] the [c]ourt's decisions for the three Motions for Summary Judgment." *Id.*

**Appellants' Notice of Appeal and Rule 1925(b) Statement**

Before reaching the questions Appellants raise on appeal, we must initially address: (1) the propriety of Appellants' filing one notice of appeal

_____

[2] ***Accord*** Appellants' Reply Brief at 6 ("[C]ounsel encountered difficulty in deciding whether the requirement of Rule 1925(b) to file the appellant's statement of errors 'of record' refers to filing in the trial court or the appellate court. The text of the rule states that the filing is to be in the trial court, but the rule also specifies that the filing shall be made 'in accordance with [Pa.]R.A.P. 121[,'] which calls for filing in the appellate court. Counsel decided that Rule 1925(b) required the statement of errors to be filed in the appellate court, because the record in the trial court was already closed when the [n]otice of [a]ppeal was filed, and because there was a separate provision for serving the statement of errors upon the trial judge (which was done). The statement of errors was filed in the appellate court and was not rejected, and apparently the document was not sent by the Superior Court prothonotary to the Bucks County prothonotary.").

- 4 -

from multiple orders; (2) whether Appellants have waived their issues on appeal by filing their Rule 1925(b) statement in this Court, instead of in the trial court; and (3) if Appellants' broadly-worded Rule 1925(b) statement results in waiver of any of their issues.

First, we assess the propriety of Appellants' notice of appeal. As mentioned *supra*, Appellants filed a single notice of appeal purporting to appeal from three separate orders, in which the trial court, respectively, granted KSIR's motion for summary judgment, granted DRCS's motion for summary judgment, and denied Appellants' motion for summary judgment. Our Supreme Court has stated that, "in the circumstance where each of the defendants in a single action is dismissed prior to trial, an appeal from the order dismissing the remaining claim or party is sufficient to bring for review the earlier issued orders." **K.H. v. J.R.**, 826 A.2d 863, 871 (Pa. 2003) (citation omitted); **see also** Pa.R.A.P. 341(b) (defining a final order as, *inter alia*, disposing of all claims and of all parties); **Fulano v. Fanjul Corp**., 236 A.3d 1, 8 (Pa. Super. 2020) (rejecting the defendants' argument that the plaintiffs' appeal should be quashed because they did not file notices of appeal from the separate orders sustaining the defendants' preliminary objections). Thus, we conclude that Appellants did not need to file a separate notice of

appeal from each order. Their single notice of appeal was sufficient to bring for review all three of the trial court's orders.[3]

Second, with respect to the consequences of Appellants' filing their concise statement in the wrong court, we recently addressed this issue in ***Reverse Mortgage Funding, LLC v. Russo***, 241 A.3d 364, 2020 WL 5890760 (Pa. Super. filed Oct. 5, 2020) (unpublished, non-precedential memorandum).[4] In that case, the trial court ordered the appellant to "file of record" a concise statement "pursuant to the Pennsylvania Rules of Appellate Procedure." ***Id.*** at *3. The appellant subsequently filed his concise statement in this Court, and not the trial court. Although we determined that the trial court's order complied with the requirements of Rule 1925(b), we nevertheless concluded that "[the a]ppellant's filing in this Court is a filing 'of record' and documented that the statement was timely filed[,]" and that "[a] filing in the wrong court is to be transferred to the proper court, not disregarded." ***Id.***

---

[3] Even if Appellants should have filed a separate notice of appeal from each summary judgment order, we note that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken." ***See*** Pa.R.A.P. 902; ***see also Commonwealth v. Young***, 265 A.3d 462, 477 (Pa. 2021) (discussing Rule 902's "preference for correcting procedurally defective, albeit timely, notices of appeal so that appellate courts may reach the merits of timely appeals").

[4] ***See*** Pa.R.A.P. 126(b) (providing that unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

(citing Pa.R.A.P. 751, 905(a)(4)). Similarly, here, Appellants timely filed their concise statement in this Court. Though they filed the concise statement in the wrong court, we will not find waiver on this basis.

Third and finally, we must consider whether Appellants have waived their issues due to their "broad" concise statement that "failed to specify the errors complained of on appeal…." *See* TCO at 3. Appellants' concise statement consists of the following:

> This Concise Statement of Errors Complained of on Appeal is submitted on behalf of [Appellants], pursuant to the Order of [the trial court] in this matter o[n] May [4], 2021.
>
> The trial court has at no time given any information whatsoever as to its findings of fact and conclusions of law regarding orders granting and denying cross-motions for summary judgment entered in this matter on March 24, 2021, from which this appeal is taken. Those orders were entered without even the most rudimentary opinion as to the substance of the [c]ourt's rulings, and no such opinion has since been filed. This procedure does not comport with Pa.R.A.P. 1925(a)(1), which requires that the trial court give "at least a brief opinion of the reasons[…]":
>
>> [T]he judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall […] file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.
>
> Accordingly, the [c]ourt's [o]rder dated March 3, 2021 is literally not susceptible of compliance, at least not until such time as the [c]ourt sheds some light upon the reasons for its rulings.
>
> [A]ppellants do not waive any of their rights to file a Statement of Errors Complained of on Appeal at such time as the requisite preconditions are satisfied. [A]ppellants incorporate herein by reference all the pleadings, briefs and moving papers submitted by them and [Appellees] in support of [A]ppellants['] contention that the trial court came to wrong conclusions in this matter.

Appellants' Rule 1925(b) Statement, 5/24/21, at 1-2 (unnumbered pages; some brackets added).

> Regarding Rule 1925(b) statements, this Court has explained:
>
> "The [Rule 1925(b)] Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "[T]he [Rule] 1925(b) statement must be sufficiently 'concise' and 'coherent' such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1038 (Pa. Super. 2018). "[A] Rule 1925(b) statement is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the party plans to raise on appeal." ***Id.*** (citing ***Riley v. Foley***, 783 A.2d 807, 813 (Pa. Super. 2001)). "[W]hen issues are too vague for the trial court to identify and address, that is the functional equivalent of no concise statement at all." ***Commonwealth v. Smith***, 955 A.2d 391, 393 (Pa. Super. 2008) (citing ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001)). "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." ***Commonwealth v. Lemon***, 804 A.2d 34, 37 (Pa. Super. 2002) (citing ***Dowling***, 778 A.2d at 686).

***Fulano***, 236 A.3d at 9.

> At the same time, though, we have also recognized that:
>
> When the reasons for a trial court's ruling are vague or not discernable from the record, then an appellant may be *forced* to file a vague Rule 1925(b) statement, and it would be unjust to consider such filing a violation of the Rule. Just as the trial judge cannot be made to guess what an appellant is complaining of on appeal, an appellant cannot be made to guess what the trial judge is thinking in his or her ruling. Therefore, under these limited circumstances where the appellant is unable to ascertain the trial court's rationale for the ruling under appeal, it is not appropriate to find waiver or to dismiss the appeal based on a vague Rule 1925(b) statement.

> **Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 803-04 (Pa. Super. 2007) (internal citations and quotation marks omitted).
>
> However, "[i]f the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms.  In such a case, the generality of the Statement will not be grounds for finding waiver." Pa.R.A.P. 1925(b)(4)(vi).

**Fulano**, 236 A.3d at 9-10 (emphasis in original).

Here, we agree with Appellants that the trial court's March 24, 2021 orders disposing of the parties' summary judgment motions did not set forth any reasons for its rulings.[5]  Consequently, pursuant to Rule 1925(b)(4)(vi), Appellants' Rule 1925(b) statement sufficiently conveyed, in general terms, that it was challenging the trial court's rulings with respect to the summary judgment motions.  **See** Pa.R.A.P. 1925(b)(4)(vi) ("If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms.  In such a case, the generality of the Statement will not be grounds for finding waiver."); Appellants' Rule 1925(b) Statement at 1 ("The trial court has at no time given any information whatsoever as to its findings of fact and conclusions of law regarding orders

---

[5] We point out to Appellants that, under Rule 1925(a)(1), the trial court did not have to give the reasons for its rulings in the summary judgment orders themselves; instead, under Rule 1925(a)(1), "**upon receipt of the notice of appeal**, the judge who entered the order giving rise to the notice of appeal, **if the reasons for the order do not already appear of record**, shall within the period set forth in Pa.R.A.P. 1931(a)(1) file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found."  Pa.R.A.P. 1925(a)(1) (emphasis added).

granting and denying cross-motions for summary judgment entered in this matter on March 24, 2021, from which this appeal is taken.").[6]  Accordingly, as Appellants referenced the summary judgment orders in their Rule 1925(b) statement and justifiably claimed that they could not determine the reasons for the trial court's rulings relating to those particular orders, we will not find that Appellants waived any errors relating to the trial court's disposition of the summary judgment motions based on the generality of their Rule 1925(b) statement.  However, to the extent that Appellants challenge any other order or ruling issued by the trial court outside of summary judgment, we deem such issues waived for failure to identify any such errors, even in general terms, in their Rule 1925(b) statement.  *See* Pa.R.A.P. 1925(b)(4)(vi), *supra*.

**Issues**

With those preliminary matters addressed, we now proceed to the merits of Appellants' appeal.  Appellants present the following issues for our review:

> [1]. Whether the trial court should have permitted [Appellants] to amend so as to reinstate their claim (which had been dismissed on preliminary objections) against both [Appellees] for negligence for failure to warn them of the dangers of wire transfer fraud and failure to instruct them [on] how to carry out a wire transfer safely[?]
>
> [2]. Whether the trial court should have granted summary judgment in favor of [Appellants] on their amended claim for

---

[6] We note that, although Appellants' Rule 1925(b) statement was not specific, the trial court nevertheless discerned that Appellants were challenging its decisions on the motions for summary judgment, and it discussed the reasons for its summary judgment orders in its Rule 1925(a) opinion.

failure to warn them of the dangers of wire transfer fraud and failure to advise them [on] how to carry out a wire transfer with safety, when the cause of action was articulated by the top executives of [KSIR] and [DRCS] and adopted by them as a standard to which their companies should adhere; and when their failure to follow through on this resolution was exacerbated by other instances of negligence; and when the facts of record reflecting these occurrences were clearly admissible and were not disputed by [KSIR] and [DRCS]?

[3]. Whether the trial court should have granted summary judgment, where there was an evident disagreement about the facts of the case and the legal basis of the claims and defenses[?]

[4]. Whether the trial court should have granted summary judgment in favor of [KSIR] and [DRCS], when the paradigm they sought to prove (referred to by the trial court in a footnote to its order of 1/22/2019 granting and denying preliminary objections to the Amended Complaint) was subsequently disavowed by the trial court as inappropriate as a paradigm and inapplicable to the case at bar?

Appellants' Brief at 3-5.[7]

While Appellants raise four issues in their statement of the questions involved, they do not divide the argument section of their brief into four corresponding parts. We admonish Appellants for their lack of compliance with Pa.R.A.P. 2119(a). *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed— the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); ***Donaldson v. Davidson Bros., Inc.***, 144 A.3d 93, 99 n.9 (Pa. Super. 2016) (determining that the appellant failed to comply with Rule 2119(a) where the appellant's brief did not "present

_____

[7] We have re-ordered Appellants' issues for ease of disposition.

and develop eight arguments in support of the eight questions raised"). While Appellants' noncompliance with Rule 2119(a) makes our review more difficult to conduct, it does not totally preclude it. Therefore, we address their issues to the extent we can discern their arguments.

**Analysis**

*Issues 1 and 2*

In Appellants' first and second issues, they argue that the trial court should have reinstated their failure-to-warn claim — which had been previously dismissed on preliminary objections — and that the trial court should have granted summary judgment in their favor based on this claim. **See** Appellants' Brief at 4-5. These issues are waived.

As set forth *supra*, Appellants did not identify any errors in their Rule 1925(b) statement aside from the trial court's rulings on the summary judgment motions.[8] In other words, they made no mention of their failure-to-warn claim in their Rule 1925(b) statement.[9] Accordingly, we deem waived any arguments concerning their failure-to-warn claim. **See** Pa.R.A.P.

---

[8] Appellants claim that they "argued with clarity in their summary judgment [*sic*] motion their request to reinstate the failure[-]to[-]warn claim, but despite repetition of this request in their reply brief (R. 354a-356a) and citation of the evidence adduced in discovery, the trial court did not address the claim other than to state that it had been dismissed on preliminary objections." Appellants' Brief at 15-16. The record belies this assertion; the pages of the reproduced record that Appellants refer to in support do not contain a request to reinstate the failure-to-warn claim. **Accord** KSIR's Brief at 11; DRCS's Brief at 25.

[9] The trial court also did not consider Appellants' failure-to-warn claim in its Rule 1925(a) opinion.

1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P 1925(b) Order at 1 (warning that "[a]ny issue not properly included in the statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived") (unnumbered page); *see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[. T]herefore, we look first to the language of that order.") (citations omitted; some brackets added). No relief is due on these claims.

*Issues 3 and 4*

We next address Appellants' third and fourth issues together. Therein, they contest the trial court's entry of summary judgment in favor of KSIR and DRCS. **See** Appellants' Brief at 3-4. It is well-established that:

> [S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt. On appellate review, then,
>
>> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine

- 13 -

issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals.

To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (cleaned up).

Here, in denying Appellants' motion for summary judgment and granting summary judgment in favor of KSIR and DRCS, the trial court opined:

Pennsylvania common law requires a plaintiff to prove the following elements to succeed in a negligence claim: "(1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) a causal relationship between the breach and the resulting injury suffered by the plaintiff; and (4) actual loss suffered by the plaintiff." Furthermore, this case proceeds under a theory the Supreme Court recently recognized in ***Dittman v. UPMC***, 196 A.3d 1036 … (Pa. 2018), for negligent collection and storage of personal information.

In ***Dittman***, the plaintiffs were employees of the defendant/employer University of Pittsburgh Medical Center ("UPMC"). UPMC required its employees to provide it with sensitive personal information as part of their employment. This sensitive personal information included: social security numbers; tax information; birthdates; full names; home addresses; and personal bank account information. UPMC's computer network was subsequently hacked and most of the employees' sensitive personal information was compromised. The employees alleged their stolen personal information was used to file fraudulent tax returns. Ultimately, the Supreme Court of Pennsylvania held that an employer may be liable for negligence when the employer actively requests sensitive personal information from its employees and fails to collect and store that personal data with reasonable care.

\*\*\*

**1. The March [24], 2021 Order Denying [Appellants'] Motion for Summary Judgment[]**

In viewing the record in the light most favorable to [Appellees] as the nonmoving parties, [Appellants] failed to provide sufficient evidence to show they were entitled to summary judgment in their favor. [Appellants'] only surviving count was their negligence claim against [Appellees]. [Appellants] argued [Appellees] were liable for the fraudulent transaction pursuant to the negligence theory recently recognized by the Supreme Court in *Dittman*. However, upon considering the evidence in the record and applying the Supreme Court's reasoning to this case, it is clear that [Appellants'] claim must fail. In *Dittman*, the Supreme Court held an employer has a duty to use reasonable care in collecting and storing its employees' sensitive personal information[,] including social security numbers and bank account numbers[,] when an employer actively requests the information from its employees. Significantly, the Supreme Court limited its decision to cases involving employers and employees.

In this case, [Appellants] provided no evidence to show either [Appellee] actively requested any sensitive private financial information from [Appellants]. Nothing in the record showed [Appellees] requested [Appellants'] tax information, social security numbers[,] or other sensitive personal information. Critically, neither [Appellants] nor [Appellees] alleged the existence of an employer/employee relationship. Nothing in the record supported even an inference of the existence of an employer/employee relationship. Although the [c]ourt could foresee other relationships — in addition to an employer/employee relationship — where the precedent established in *Dittman* may apply, there is no Pennsylvania statutory or precedential law supporting [Appellants'] claim of negligence against [Appellees]. Following careful deliberation and consideration of the record, the [c]ourt found [Appellants'] claim for negligent collection and storage of personal information consisting of an email address failed as a matter of law.

Even assuming, *arguendo*, [Appellants'] claim against [Appellees] was properly raised under *Dittman*, [Appellants] failed to provide sufficient evidence to show they were entitled to summary judgment. First, [Appellants] provided no evidence to show [Appellees] owed them a duty of care to safeguard their email address from all potential threats. [Appellants] argued their allegedly compromised email address was sensitive personal

- 15 -

information similar to the information at issue in **Dittman**. This [c]ourt disagrees. As previously stated, the "sensitive personal information" at issue in **Dittman** compromised a totality of sensitive personal information which included: social security numbers; tax information; birthdates; full names; home addresses; and personal bank account information. Conversely, [Appellants'] private information allegedly compromised in this case included [Appellants'] email address. The [c]ourt finds this a significant distinction because an email address alone does not contain the same amount of private data as does the totality of the private sensitive information compromised in **Dittman**. Additionally, [Appellants] failed to provide any controlling law holding a personal email address constitutes sensitive personal information. Rather, a personal email address is quasi-public information to the extent it is used by the owner of the address communicating with various other persons and entities on the internet. Thus, the [c]ourt finds the evidence in the record placed this matter well outside the scope of **Dittman**.

[Appellants] also failed to provide any evidence showing [Appellees] breached a duty of care or that [Appellees] caused the fraudulent transaction. Although there was evidence showing a criminal actor emailed [Appellants] purporting to be an agent of [DRCS], [Appellants] failed to identify any evidence in the record which showed [Appellees] were in any way responsible for the criminal actor['s] ultimately obtaining [Appellants'] email address. [Appellants] heavily relied on an FBI letter as evidence of [Appellees'] negligence. In the letter, the FBI stated [Appellants] fell victim to a fraudulent transaction with an unknown criminal actor. In addition, the FBI stated the fraudulent transaction was likely caused by a comprised business email account.

Based largely on this letter, [Appellants] made a version of a *res ipsa loquitor* argument in which they alleged the fraudulent transaction itself was *prima facie* evidence of [Appellees'] negligence. However, the FBI did not name either [Appellee] as a culpable party for the fraudulent transaction or compromised email account. In fact, the FBI did not even state whose email address was compromised. [Appellants] unquestionably provided evidence to show they were victims of a fraudulent scheme and transaction[,] yet failed to provide any evidence to show either [Appellee] was in any way the cause of the fraudulent transaction or owed a legal duty under Pennsylvania law with respect to their email addresses.

Ultimately, [Appellants'] Motion for Summary Judgment was largely based on bald assertions, accusations[,] and implications. Upon careful consideration of the record, it is abundantly clear that [Appellants] failed to provide sufficient evidence to move forward with their claim. Accordingly, the [c]ourt denied [Appellants'] Motion for Summary Judgment.

**2. The March [24], 2021 Orders Granting [Appellees'] Motions for Summary Judgment[]**

As previously discussed, the [c]ourt found [Appellants] erroneously relied on **_Dittman_** in bringing this claim for negligent failure to safeguard personal and confidential information against [Appellees]. Therefore, for many of the reasons previously discussed, the [c]ourt found judgment as a matter of law was warranted in [Appellees'] favor.

When viewing the record in the light most favorable to [Appellants] as the nonmoving parties, the evidence — or lack thereof — clearly showed [Appellees] were entitled to summary judgment. In their Motions for Summary Judgment, [Appellees] argued [Appellants] failed to provide any evidence to show they breached any duty allegedly owed to [Appellants]. [Appellants] countered by arguing the fraudulent transaction was a result of [Appellees'] failure to properly secure [Appellants'] email address. [Appellants] broadly argued [Appellees'] lack of adequate cybersecurity caused [Appellants] to transfer the funds to the unknown criminal actor.

The parties did not dispute that [Appellants] contracted [KSIR]'s realty services for the purpose of purchasing a residential property. Additionally, the evidence showed the criminal actor contacted [Appellants] via email and that the email contained a mention to [DRCS]. In their Amended Complaint, [Appellants] broadly asserted [KSIR's] negligently maintained and secured [Appellants'] email address. However, [Appellants] failed to identify any evidence in the record which substantiated these conclusory claims. Nothing was presented to show the criminal actor obtained [Appellants'] email address from [KSIR]. Pennsylvania law clearly states that when defending against a motion for summary judgment[,] the nonmoving party cannot succeed by simply making "bold unsupported assertions of conclusory accusations." Here, [Appellants] failed to provide any evidence to show [KSIR's] computer network was, in fact, breached by the criminal actor or that the email address was

- 17 -

obtained therein as opposed to from some other source, such as [Appellants'] host site[,] *i.e.*, Google, Yahoo, or such other business entity. The lack of evidence in the record as well as the controlling Pennsylvania law cited herein compelled the [c]ourt to grant [KSIR]'s Motion for Summary Judgment and enter judgment in its favor.

[Appellants] presented even less evidence to show that [DRCS's] settlement closing agent was in any way involved with the fraudulent transaction or responsible as a party with a duty of care to protect [Appellants] regarding their email address under the facts of the case. [Appellants'] negligence claim against [DRCS] was based entirely on speculation and unsupported conclusory accusations. [Appellants] failed to identify any evidence in the record which showed [DRCS] was in possession of their email address or that [DRCS's] computer system was infiltrated by the unknown criminal actor. [Appellants] presumed [DRCS's] involvement in, or responsibility for[,] the alleged fraudulent transaction without providing any evidence for support. Additionally, [Appellants] presented no evidence showing [DRCS] required [Appellants] to provide it with their personal sensitive information, that [DRCS] was in possession of [Appellants'] sensitive personal information, nor that [DRCS] was in any way responsible for the unknown criminal actor gaining access and thereby acquiring knowledge of [Appellants'] email address. Accordingly, the [c]ourt found [Appellants] failed to provide evidence to establish a *prima facie* negligence claim against [DRCS].

Ultimately, [Appellants] failed to provide sufficient evidence as well as legal authority to overcome [Appellees'] Motions for Summary Judgment.

TCO at 5-10 (most internal citations omitted).

On appeal, Appellants do not meaningfully contest the trial court's analysis. This Court has previously explained:

The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed

to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, we observe that the Commonwealth Court, our sister appellate court, has aptly noted that mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter.

***Coulter v. Ramsden***, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (cleaned up).

Here, Appellants do not counter the trial court's rationale by discussing and analyzing pertinent authority, such as ***Dittman***. In addition, they do not specifically argue that the trial court improperly construed any evidence, or explain how that led the trial court to reach an erroneous conclusion. ***Accord*** KSIR's Brief at 9 (stating that Appellants' brief "does nothing to address many of the arguments made to the [t]rial [c]ourt and barely acknowledges that a [t]rial [c]ourt decision exists"). Thus, to the extent Appellants challenge the trial court's reasoning and/or its application of ***Dittman***, we deem such arguments waived.

While Appellants do not meaningfully contest the trial court's analysis, they do raise and rely on Section 302B of the Restatement (Second) of Torts in their brief. ***See*** Appellants' Brief at 9-10, 13. Problematically, though, they do not demonstrate to us that they previously raised Section 302B below. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 2117(c) (requiring, where an issue is not reviewable on appeal unless raised or preserved below, a statement of place of raising or preservation of issues); Pa.R.A.P. 2119(e) ("Where under the applicable law an issue is not reviewable on appeal unless

raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information").[10, 11] "Our appellate courts have long held that an [appellant] who does not follow Pa.R.A.P. 2117(c) and Pa.R.A.P. 2119(e) waives the related issues due to the defects in his brief." *Young v. S.B. Conrad, Inc.*, 216 A.3d 267, 274 (Pa. Super. 2019). "[I]t is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review." *Commonwealth v. Baker*, 963 A.2d 495, 502 n.6 (Pa. Super. 2008) (citations omitted). Accordingly, we also deem waived Appellants' arguments relating to Section 302B.

Finally, to the extent Appellants argue that it did not need an expert because the "ordinary juror" is "a user of e-mail in daily life," *see* Appellants' Brief at 10, we note that the trial court did not base its decisions on any need for expert testimony. Therefore, we decline to review this issue.

---

[10] Restatement (Second) of Torts § 302B ("An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal.").

[11] Once again, Appellants cite to a page in the reproduced record to support that they raised Section 302B below; nevertheless, our review of that portion of the reproduced record does not reveal that Appellants explicitly raised Section 302B there. *See* Appellants' Brief at 13 (citing to the Reproduced Record at 76a).

Based on the foregoing, we affirm the trial court's orders granting summary judgment in favor of KSIR and DRCS, and denying summary judgment in favor of Appellants. While we are sympathetic to Appellants' loss of $317,362.50, they have not convinced us that the trial court erred.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2022