**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TERRANCE RANDELL BAIR | : | |
| Appellant | : | No. 1401 MDA 2025 |

Appeal from the PCRA Order Entered September 22, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001091-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TERRANCE RANDELL BAIR | : | |
| Appellant | : | No. 1413 MDA 2025 |

Appeal from the PCRA Order Entered September 22, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001570-2023

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MAY 5, 2026**

In these consolidated appeals,[1] Appellant, Terrance Randall Bair, appeals from the September 22, 2025 order denying his first petition under

---

[1] This Court *sua sponte* consolidated Appellant's appeals pursuant to Pa.R.A.P. 513 by order dated December 11, 2025.

the Post Conviction Relief Act (PCRA) 42 Pa.C.S. §§ 9541-46.  After review,

we affirm.

The PCRA court summarized the relevant facts and procedural history

as follows:

> By information 1091 of 2023, [Appellant] was charged with three counts of Persons Not to Possess Firearms, two counts of Endangering the Welfare of Children, and one count of Corruption of Minors [(collectively, "the firearms charges")].[FN1]
>
> > [FN1]  In violation of 18 Pa.C.S. §§ 6105(a)(1); 4304(a)(1); and 6301(a)(1)(i), respectively.
>
> * * *
>
> By information 1570 of 2023, [Appellant] was [also] charged with Unlawfully Intercepting Communications and Criminal Conspiracy.[FN2]
>
> > [FN2]  In violation of 18 Pa.C.S.A. §§ 5703(1); 903, respectively.
>
> * * *
>
> On September 26, 2023, [Appellant's trial counsel] entered his appearance on [Appellant's] behalf.  On September 29, 2023, [the trial court] presided over the Call of the Trial List.  [Appellant's trial counsel] appeared on [Appellant's] behalf and made an oral motion for a continuance, which [the trial court] denied.  On October 9, 2023, [Appellant's trial counsel] filed a written Motion for Continuance on [the firearms charges].  … [The trial court] issued an Order on October 12, 2023, denying [trial counsel's] request.  [The firearms charges] remained on the trial court's October 16, 2023, trial list.
>
> On October 17, 2023, [Appellant] entered an open guilty plea on [the firearms charges] and a negotiated plea on [the unlawful interception and conspiracy charges].  [The trial court] presided over the plea hearing and [Appellant's trial counsel] appeared on

- 2 -

[Appellant's] behalf. [The trial court] explained to [Appellant] the maximum sentences he could face for each charge[FN3] and [Appellant] indicated that he understood. [Appellant] … stated that he had enough time to talk to [Appellant's trial counsel] about both cases. [Appellant] acknowledged that he had reviewed a guilty plea colloquy with [Appellant's trial counsel], that he knew he did not have to plead guilty, and that he was entitled to a jury trial if he so wished.

> [FN3] On docket 1091 of 2023 [listing the firearms charges], the Endangering the Welfare of Children and Corruption of Minors charges were *nolle prossed*.

After [the prosecutor] summarized the facts against [Appellant] on each docket, [Appellant] confirmed that all the facts were true. [Appellant] then made the following statement:

> Your Honor, as I stand before you today I'm taking full accountability for my actions. I in no way want to minimize my behavior, and I truly feel what I have done is extremely stupid, possibly the stupidest thing done of all times by anyone.
>
> … I … proceeded to brandish ... registered firearms on camera.
>
> … I know there are going to be consequences for my actions, I just ask that you show leniency in sentencing so I can move forward with building a prosperous life and being a dad to my children.

Later in the hearing, [Appellant's trial counsel] stated:

> [Appellant] agrees that the gun is a real gun. He is not in any way denying that. … [Appellant] does not deny the gun is real. … The facts of this are not in dispute. [Appellant] held three guns. [Appellant's] taking accountability for that.

At the close of the hearing, [trial counsel] waived a pre-sentence investigation and [Appellant] was sentenced as follows: On [the firearms charges], six to twelve years' incarceration, concurrent on each of the three counts …. On [the unlawful interception and conspiracy charges], … one to two years' incarceration to run

concurrent with the sentence on [the firearms charges].  [The trial court] then explained:

> You have ten days to file a post sentence motion to [the trial court], because of the plea today it starts today, the ten days, then you have 30 days to file a Superior Court appeal, if you wish to.  Ten days, like I said, to file a post sentence motion.  [The trial court] then has 120 days to make a decision on that, if the [the trial court] doesn't make a decision in 120 days, then it's automatically denied by a matter of law.  And then you have 30 days thereafter to file an appeal to the Superior Court, or alternatively you can appeal directly to the Superior Court within the next 30 days.

On October 27, 2023, [trial counsel] filed a Motion for Reconsideration on [Appellant's] behalf. … The [motion] explicitly stated: "[Appellant] does not seek to withdraw his guilty plea or face a retrial in this matter."  On October 30, 2023, [trial counsel] [withdrew the Motion for Reconsideration].

On September 9, 2024, [Appellant] filed a first, timely, *pro se* PCRA Petition.  …  [Appellant's appointed PCRA counsel] filed a Supplemental PCRA Petition on November 15, 2024.  [Appellant's] claims for relief [in the PCRA petition] are as follows:

> 1. [Appellant's] constitutional rights were violated when [trial counsel's] trial continuance requests were denied; and
>
> 2. [Trial counsel] was ineffective because he advised [Appellant] to take an open plea as a result of being unprepared for trial.

The Commonwealth filed an Answer on November 19, 2024, arguing that [Appellant] waived his constitutional claim and that his ineffective assistance claim is meritless.

Pa.R.Crim.P. 907 Notice, 5/28/25, at 1-6 (citations to trial court docket omitted and some formatting altered) (Rule 907 Notice).

In the Rule 907 Notice, the PCRA court stated that "[Appellant's] claims are without merit and/or waived" and provided "notice of intent to dismiss the PCRA Petition without a hearing." *Id*. at 10. Appellant's PCRA petition was denied on September 22, 2025. Order, 9/22/25. Appellant filed a timely appeal with this Court.[2] Appellant and the PCRA court have complied with Rule 1925.[3]

Appellant raised a single claim of error in his Rule 1925(b) statement, as follows:

> The trial court abused its discretion, erred, and infringed on [Appellant's] constitutional rights including his right to Due Process of Law under the Constitution of the United States and under the Constitution of Pennsylvania by denying his Petition for Post Conviction Collateral Relief, which alleged this Honorable Court erred in denying his pre-guilty plea request for a continuance to allow new private counsel an opportunity to get up to speed on his case.

---

[2] The original Notice of Appeal contained a ministerial error in the identification of Appellant. Notice of Appeal, 10/3/25. This Court ordered PCRA counsel to show cause why the appeal should not be quashed because the party named in the Notice of Appeal is not an aggrieved party. Order, 10/31/25 (per curium). PCRA counsel responded (Response to Rule to Show Cause, 11/9/25) and filed an Amended Notice of Appeal on November 21, 2025. **See** Pa.R.A.P. 902(b)(1) (timely appeal is "subject to such action as the appellate court deems appropriate"). We accept Appellant's amended notice of appeal pursuant to Rule 902(b)(1) and will reach the merits of this appeal. **See, e.g., Commonwealth v. Brown**, 1023 MDA 2023, 2024 WL 3322608, at *2, n.4 (Pa. Super. filed July 8, 2024) (unpublished memorandum) (accepting the appellant's amended notice of appeal and reaching the merits of the claims raised); **see also** Pa.R.A.P. 126(b)(1) (permitting non-precedential decisions filed by the Superior Court after May 1, 2019 to be cited for persuasive value).

[3] The PCRA court's Rule 1925(a) opinion incorporates the Rule 907 Notice.

Statement of Matters Complained of on Appeal, 10/21/25 at 1-2 (unpaginated) (Rule 1925(b) Statement).

However, in his appellate brief, Appellant's sole issue on appeal addresses ineffective assistance of counsel:

> WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION COLLATERAL RELIEF WHERE HE PRESENTED EVIDENCE OF TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF REPRESENTATION WHICH INDUCED AN INVOLUNTARY GUILTY PLEA.

Appellant's Brief at 4.

Appellant did not include an issue concerning ineffective assistance of counsel in his Rule 1925(b) Statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). We therefore deem Appellant's sole issue waived. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("[A]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").[4] Because Appellant has waived his sole claim on appeal for failure

_____

[4] This requirement applies to PCRA proceedings:

> We reiterate our holding in *Lord*, and now expressly apply it to PCRA appeals. PCRA appellants, in order to preserve their claims for appellate review, must comply whenever the PCRA court orders them to file a Statement of Matters Complained of on

*(Footnote Continued Next Page)*

to include it in his Pa.R.A.P. 1925(b) statement, we affirm the order denying

Appellant's PCRA petition.[5]

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/05/2026

---

Appeal under Rule 1925. Accordingly, any issues not raised in a Rule 1925(b) statement are waived. **_See Lord_**, 719 A.2d at 309.

**_Commonwealth v. Butler_**, 812 A.2d 631, 633-634 (Pa. 2002).

[5] In any event, we note that in its Rule 907 Notice the PCRA court addressed whether Appellant's trial counsel was ineffective. While the PCRA court's discussion of the issue does not preserve the claim for appellate review, **_see_** **_Commonwealth v. Lemon_**, 804 A.2d 34, 38 (Pa. Super. 2002) (explaining that when an appellant does not comply with Rule 1925(b), "the issue is waived, even if the trial court guesses correctly and addresses the issue in its Pa.R.A.P.1925(a) opinion."), had Appellant properly raised and preserved this claim of error, we would nevertheless affirm on the basis of the rationale set forth by the PCRA court in its Rule 907 Notice addressing the effectiveness of Appellant's trial counsel. **_See_** Rule 907 Notice, at 8-10.